JOHN N. BUNTING v. HENRY C. JONES, wife and others.

*Homestead—Purchase Money—Wife's Interest.*

Where the plaintiff purchased and paid for the land in question and had the deed made to the defendant J under a verbal agreement that the plaintiff was to hold the deed and that concurrently with taking the deed to J, he and his wife were to execute a mortgage to the plaintiff to secure the purchase money ; J did execute the mortgage but his wife refused to join ; *Held*, that the plaintiff was entitled to judgment for the amount due and that the land be sold to satisfy it.

*Held further*, that in such case, no title vested in J, and his wife acquired no dower or homestead rights.

*Held further*, that plaintiff's demand is for the purchase money, as against which homestead rights do not prevail.

CIVIL ACTION, tried at June Special Term, 1877, of WAKE Superior Court, before *Buxton, J.*

This action was brought to recover the purchase money for a house and lot in the City of Raleigh, and the defendants objected to the judgment rendered for the plaintiff in the Court below, for that, it was adjudged, that the title to the same (which came to them in the manner set forth in the opinion of this Court) was not in the defendant, Jones, and that the premises be sold to satisfy the debt ; and insisted that the judgment should have been only for the recovery of the debt. And from said judgment the defendants appealed.

*Mr. Geo. H. Snow,* for plaintiff.

*Messrs. T. M. Argo* and *Battle & Mordecai,* for defendants.

READE, J.   The plaintiff purchased and paid for the land in question and had the deed made to defendant, Henry C.

Jones, under a verbal agreement that the plaintiff was to hold the deed, and that concurrently with the taking the deed from the vendor to the defendant Henry C. Jones, he and his wife were to execute a mortgage deed to the plaintiff, to secure the purchase money. The defendant Henry C. Jones did execute the mortgage deed and delivered it to the plaintiff, but his wife, the feme defendant refused to join ; and this action is brought to recover judgment for the purchase money, and to have the land sold to satisfy it.

The plaintiff is entitled to his judgment and sale.

The defendants object to the sale for the reason that the deed which was made to Henry C. Jones vested the title in him, although but for a moment, and thereby his wife the feme defendant became invested with dower and homestead rights. This is not so, for two reasons:—

1. The deed from the vendor to Jones, and his mortgage to the plaintiff, were to be, and were, concurrent acts. And concurrent acts are to be considered as one act. The title did *vest*, but it did not *rest*, in Jones; but "like the borealis race, that flits 'ere you can point its place." And it was as if the title had passed directly from the vendor to the plaintiff. But even if this were not so, and if the deed had been made and delivered to Jones, and he had made no mortgage to plaintiff, yet under the agreement aforesaid, and the plaintiff's money having paid for the land, there would have been an equity in the plaintiff which would have entitled him to call for the legal estate, unaffected by dower or homestead. It was not intended to give the defendant the land, and he paid nothing for it. How then can he or his wife claim it? But if this were not so, still,

2. The plaintiff's demand is for the purchase money ; as against which, homestead rights do not prevail.

The defendants insist that the plaintiff did not pay the purchase money, and thereby become substituted to the rights of the vendor; but that he (plaintiff) loaned the de-

fendant the money with which to pay it, and that the plaintiff's demand is as for an ordinary debt. But the fact is stated to be otherwise.

We have not mentioned the intervention of Sion H. Rogers, as it was not necessary for elucidation.

There is no error. This will be certified.

PER CURIAM.                          Judgment affirmed.