H. WEIL & BROS. *et al.* v. SAMUEL C. CASEY *et al.*

(Decided December 5, 1899.)

*Lien of Judgment—Mortgage—Purchase Money.*

1. A judgment debtor may purchase land, and at the same time he receives his conveyance may give, to secure any portion of the *purchase money,* a mortgage which will take precedence over the judgment, as a lien on the land purchased.

2. If upon acquiring the land, the judgment debtor immediately executes a mortgage, not for the *purchase money,* the lien of the mortgage will be subordinate to that of the judgment.

3. But if upon acquiring the land, the judgment debtor immediately executes a mortgage for the purchase money, and also to further secure a mortgage debt of prior date to the docketing of the judgment, while the judgment will be postponed to the purchase money, it will take precedence over the prior mortgage debt, and must be paid first.

FORECLOSURE PROCEEDINGS pending in the Superior Court of WAYNE County, at October Term, 1898, before *Bryan, J.* The land, consisting of three tracts, had been sold by the commissioner, and the fund was in hand. A petition in the cause was filed by A. T. Grady and J. H. Morris, two judgment creditors of defendant Samuel C. Casey; the debt due Grady was $59.65, that due Morris was $48.12. The plaintiffs H. Weil & Bros., held a mortgage on two of the tracts, known as the "Creek tract" and the "Home tract," to secure a debt of $2,126.90; and this mortgage debt was prior to the lien of the judgment debts due petitioners. After the docketing of the judgment, Casey bought a third tract, known as the "Raynor tract," part of the purchase, $50, he borrowed from the plaintiffs, and on the same day of the purchase he executed a mortgage to the plaintiff, securing the $50, and also as an additional security for the $2,126.90 due

the plaintiffs upon the first mortgage.   All three of the tracts
were sold by the commissioner, and did not realize sufficient
to pay off the mortgage debts and the judgments.   The Ray-
nor tract brought $340.   The plaintiffs, Weil & Bros., con-
tended that they were entitled to the whole fund; the peti-
tioners, while admitting that the plaintiffs were entitled to
the proceeds of sale of the first two tracts and to $50
advanced as part of purchase money of the Raynor tract, con-
tended that their judgment lien on the Raynor tract was
superior to the mortgage lien of the plaintiffs on that tract,
and that the judgments should be paid out of the balance of
proceeds of sale of the Raynor tract, and the residue only
belonged to the plaintiffs.

His Honor adjudged that the petitioners were not entitled
to the relief prayed for and that their petition be dismissed
with costs.

The petitioners Grady and Morris excepted, and appealed.

*Mr. H. B. Parker,* for appellants.
*Messrs. I. F. Dortch,* and *Allen & Dortch,* for appellee.

MONTGOMERY, J.   This action was originally brought by
H. Weil & Bros., and Junius Slocumb, trustee, against Sam-
uel C. Casey and Sarah J., his wife.   No pleadings were
filed, but the record states that the plaintiffs Weil & Bros.,
by their attorney, filed a duly verified complaint in fore-
closure of mortgage proceedings, and that no answer was filed,
and judgment of foreclosure was obtained.   The judgment is
set out, and in the same the amount of the debt of the plain-
tiffs is declared, and the several tracts of land said to be
mentioned in the complaint are condemned to be sold to sat-
isfy the judgment.   Before the sale was made, A. T. Grady
and A. H. Morris, judgment creditors of the defendant Sam-

nel Casey, were made parties-plaintiff. The case was heard upon an admitted state of facts, as follows:

1. On the date of the docketing of the judgments of Grady and Morris, Casey owned two tracts of land, one called or known as the "Creek tract," containing 256 acres, and another known as the "Home tract," containing 350 acres.

2. That the plaintiffs Weil & Bros., held a mortgage on these two tracts of land, duly registered prior to the judgments, to secure a debt of $2,126.90.

3. That afterwards Casey bought by deed from Thomas B. Raynor another tract of land called the "Raynor tract," containing 200 acres, and that on the same day Casey and wife executed to Weil & Bros., a mortgage on the Raynor tract to secure the payment of a note of $50, for money advanced by Weil & Bro., to Casey, with which Casey paid to Raynor a part of the purchase money, and also to better secure the old debt of $2,126.90.

The judgment of foreclosure directed the sale of the three tracts of land for the purpose of paying the debt of $2,126.90 and interest, and also the $50 note.

5. In 1898, the homestead of Casey was duly laid off to him in the "Home tract" of 350 acres, and no objection has ever been made to the homestead allotment.

6. Casey and wife have no other property, subject to the payment of the judgments, than the Raynor tract of 200 acres.

7. That the commissioner appointed by the Court sold all three of the tracts, the Raynor tract of 200 acres bringing $340, and the total sum of the three tracts not bringing enough to pay the debt of Weil & Bros.

8. The deed from Raynor and wife to Casey, and the mortgage from Casey and wife to Weil & Bros. upon the Raynor land, were executed at one and the same time, and in con-

sequence of an agreement that both the deed and the mortgage should be executed at the same time, and to secure the $50 advanced, and also for the further security for the note of $2,126.90.

Upon those facts the plaintiffs Grady and Morris insist, that after the application of $50 and interest, to be paid to Weil & Bros. on account of the amount advanced by them to Casey as a part of the purchase money of the Raynor land, enough of the balance of the $340, for which the Raynor tract was sold by the commissioner, should be applied to their judgment and costs. His Honor being of opinion that the judgment creditors were not entitled to the relief they sought, dismissed their petition.

The question for decision then is: Does a mortgage, executed simultaneously with the delivery of the deed from the grantor to the mortgagor for another consideration than the purchase money of the land conveyed and to a person other than the grantor, with the understanding between the mortgagor and that other person at the time of the execution of the deed by the grantor that the mortgage should be so made, hold good against the then existing judgments against the mortgagor? The plaintiffs' counsel · in their brief insisted that, as the deed from Raynor to Casey and the mortgage by Casey to Weil & Bro., were executed at the same time, and that as the $50 purchase money for the land was paid by the plaintiffs in consequence of an agreement and understanding that the mortgage should be executed to secure both the $50 and the antecedent debt, the whole was a concurrent transaction, i. e., one transaction, and that, although the title ·vested, it did not rest in him, and that the judgment liens did not therefore attach to the land. In support of that view, the cases of *Bunting v. Jones,* 78 N. C., 242, and *Moring v. Dickerson,* 85 N. C., 466, were cited. In both of these cases,

the consideration for the mortgage was the purchase money of the land, and when the Court in these cases referred to the deed and the mortgage as being one transaction, and that the two instruments should be treated as one because they were simultaneously executed, the Court had reference only to cases where the mortgage was for the purchase money of the land. In all the cases cited, the consideration of the mortgage was the purchase money of the land, and it was in *Moring v. Dickerson, supra,* stated in substance that all of the cited cases proceeded upon the view that the seizin of the grantee was but for the instant, and that it was never intended to be in him beneficially at all, but that the real purpose was to convey the title to the mortgagee as a security for the money advanced. The reason why the title did not vest in the purchaser of the land is that the purchase money had been advanced by the mortgagee, and when the Court said that because the deed and mortgage are executed simultaneously they are concurrent transactions, i. e., one transaction, it was only to say that if there had been an interval between the delivery of the deed and the execution of the mortgage, then the judgment liens would have attached, for a title would have vested in the grantee because of the interval. This learning may be found in Freeman on Judgment, sec. 373, which says: "No doubt one against whom a judgment has already been docketed may purchase land, and at the same time he receives his conveyance may give, to secure any *portion* of the purchase money, a mortgage which will take precedence over the judgment as a lien on the land purchased . . . . . . . . The reason assigned for this is, that the conveyance and the incumbrance being simultaneous, no opportunity is given for the judgment lien to attach. But it has also been decided that if, upon acquiring land, the judgment debtor immediately executes a mortgage, not for the

*purchase money,* the lien of the mortgage will be subordinate to that of the judgment."

The plaintiffs Weil & Bros., moreover, contend that, if the judgment creditors Grady and Morris had been entitled to the relief demanded, the homestead right of the defendant Casey would interevene to prevent the application of any part of the proceeds of the sale to the creditors, until the homestead had fallen in. We hardly understand this contention, because Casey and his wife were before the court, and the order of sale of the land, including the homestead, was made without exception or protest on their part. But if there had been exception, we do not see how it could have availed, for in *Gulley v. Thurston,* 112 N. C., 192, it was decided that the lien of a judgment was superior to that of a subsequently registered mortgage made on property outside of the debtor's allotted homestead. The homestead in the present case had been duly allotted to the defendant Casey, and no objection had been made to the allotment.

There was error in the judgment of the Court below in dismissing the petition of the judgment creditors Grady and Morris. They were entitled to have the amount, principal, interest and costs, due upon their judgments satisfied out of the proceeds of the sale of the Raynor land in the commissioner's hands. The rest of the judgment is affirmed.

Modified and affirmed.