C. L. HINTON v. G. W. HICKS AND J. G. ETHERIDGE.

(Filed 13 September, 1911.)

**Mortgages—Deeds and Conveyances—Purchase Money—Registration—Priority.**

A deed made to lands by a vendor and contemporaneously executed with a mortgage back to secure the purchase price are regarded in law as concurrent acts, or the same act, the title vesting only a moment in the vendee and passing simultaneously into the purchase-money mortgagee. Hence, when the deed and mortgage are executed at the same time, and the vendee attempts to mortgage the land to a third person, who has his deed registered first, no priority can thereby be obtained over the purchase-money mortgagee.

APPEAL from *Justice, J.,* at the March Term, 1911, of CAMDEN.

At conclusion of the evidence motion to nonsuit was sustained. Plaintiff excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*W. A. Worth for plaintiff.*
*W. A. Halstead for defendants.*

BROWN, J. The plaintiff's evidence tends to prove these facts: In November, 1907, D. E. Williams and W. T. Stafford agreed to sell to G. W. Hicks the tract of land described in the pleadings; a deed was prepared by Williams and Stafford for the purpose of conveying to Hicks the said lands, and the mortgage to secure the purchase price was also prepared. Both instruments were dated 8 November, 1907. The evidence shows that Stafford was out of the State at the time the contract to sell was made, and Williams held the deed until Stafford's return, when on 2 December, 1907, they both signed and acknowledged

the deed, and Hicks, having previously acknowledged the mortgage for the purchase money, delivered the mortgage and note to Williams, who, on the same day of acknowledgment, to wit, 2 December, 1907, placed the deed and mortgage in an envelope and mailed them together to the register of deeds for registration. The mortgage given by Hicks was for the purpose of securing the purchase money of the lands.

On 19 November, 1907, G. W. Hicks executed and delivered to Willie Hicks a mortgage wherein he attempted to convey the lands contracted to be conveyed to him by Williams and Stafford, to secure the payment of $300 alleged to be due Willie Hicks. This latter mortgage was recorded on 23 November, 1907, before G. W. Hicks had acquired any title whatever in the lands.

Hicks failing to pay the note given to Williams and Stafford to secure the purchase price, these mortgagees made sale and conveyed the property to the plaintiff in this action. Willie Hicks also foreclosed under his mortgage because of the non-payment of the indebtedness therein mentioned, and made deed, as mortgagee, to the defendant Etheridge.

Under this evidence his Honor ruled that plaintiff could not recover, presumably on the ground that the mortgage to Williams and Stafford to secure the purchase money was recorded *after* the mortgage given by G. W. Hicks to Willie Hicks, and that therefore the latter took precedence.

In this there is error. The question appears to be well-settled by adjudications of this Court.

The execution and registration of the deed to the purchaser and of the mortgage for the purchase money were not only intended to be, but in law were, concurrent acts, and concurrent acts are one act. The title was not in G. W. Hicks when the mortgage to Willie Hicks was registered.

It vested in G. W. Hicks but for a moment, possibly, when the vendor's deed was filed for registration, but passed simultaneously into the purchase-money mortgagees, as that mortgage was filed at the same moment. As said by *Justice Reade* in *Bunting v. Jones,* 78 N. C., 243 (a similar case): "The title

did vest, but it did not rest in Jones; but like the borealis' race, that flits ere you can point its place."

See, also, *Moring v. Dickerson,* 85 N. C., 466; *Belvin v. Paper Co.,* 123 N. C., 138.

New trial.