SAVINGS BANK AND TRUST COMPANY ET AL. v. C. H. BROCK AND
E. F. AYDLETT, TRUSTEE.

(Filed 12 September, 1928.)

**1. Mortgages—Construction and Operation—Parties Secured.**

Where contemporaneously with a deed to lands a purchase-money mort-
gage or deed of trust is given to the grantor the title passes *eo instanti*
to the mortgagee or trustee for the security of the note to which the deed
is secondary, and this right attaches in favor of a third person who under
agreement of the parties advances the money for the payment of the
purchase price to the amount of the money so advanced by him.

**2. Mortgages—Construction and Operation—Lien and Priority—Regis-
tration.**

A purchase-money mortgage given simultaneously with a deed to lands
is regarded as but a single transaction and vests the equity of redemp-
tion in the grantee of the deed subject to the security title of the grantor,
and does not require registration except as to purchasers for value and
creditors of the grantor in the deed.

APPEAL by defendants from *Barnhill, J.,* at May Term, 1928, of
CURRITUCK. No error.

Civil action to have deed of trust executed by P. T. Owens to H. G.
Kramer, trustee, declared a first lien on land described in the complaint,
prior to the lien of a deed of trust subsequently executed by the said
P. T. Owens to E. F. Aydlett, trustee, upon the ground that the con-
sideration for the note secured by the deed of trust to Kramer, trustee,
was in part purchase money for the land conveyed thereby and for other
relief. The deed of trust to Aydlett, trustee, although subsequently
executed, was registered prior to the deed of trust to Kramer, trustee.
Both deeds of trust were registered prior to the registration of the deed
under which P. T. Owens, the grantor, derived title to the said land.

From judgment upon admissions in the pleadings, and upon the
verdict, declaring that the deed of trust to Kramer, trustee, has priority
over the deed of trust to Aydlett, trustee, defendants appealed to the
Supreme Court.

*McMullan & LeRoy for plaintiffs.*
*Ehringhaus & Hall for defendants.*

CONNOR, J. Some time prior to 26 November, 1924, P. T. Owens, a
resident of Currituck County, North Carolina, entered into negotiations
with defendant, C. H. Brock, a resident of Elizabeth City, in Pasquo-
tank County, North Carolina, for the purchase of land situate in Curri-
tuck County, and owned by the said Brock. The said Brock agreed to

sell the said land to the said Owens, for the sum of $10,000, the said purchase price to be paid in cash, upon delivery of the deed conveying the said land from the said Brock to the said Owens.

Thereafter, upon the application of the said P. T. Owens, the plaintiff, Savings Bank and Trust Company, agreed to lend to the said Owens the sum of $10,000, to be applied by him in payment of the purchase price for the land which the said Brock had agreed to sell and convey to the said Owens. It was agreed by and between the said Owens and the said plaintiff, that the said loan should be secured by a first mortgage or deed of trust on the land to be conveyed to the said Owens by the said Brock, and on other lands then owned by the father of the said Owens. It was also agreed that a note for the sum of $15,000 should be executed by the said Owens, payable to plaintiff, Savings Bank and Trust Company, and that said note, executed by the said Owens as principal, and his father as surety, and endorsed by certain named persons, should be secured by a deed of trust to H. G. Kramer, trustee. It was agreed that the consideration for this note should be (1) the loan of $10,000, to be applied by Owens to the payment of the purchase price for the land, which was to be conveyed to him by defendant, C. H. Brock, and (2) the loan of $5,000, to be applied by Owens to the payment of his note, for said amount, then held by said Savings Bank and Trust Company.

Pursuant to this agreement the said note and deed of trust, both dated 26 November, 1924, were drawn. Both were duly executed and delivered on 2 December, 1924, in Elizabeth City. Contemporaneously with the delivery of said note and deed of trust, the said C. H. Brock delivered to the said P. T. Owens a deed conveying to him the land described in the complaint. Thereupon the said P. T. Owens delivered to the said Brock his check for $10,000, drawn on the plaintiff Savings Bank and Trust Company, in payment of the purchase price for the land conveyed by the deed from C. H. Brock to P. T. Owens and by the deed of trust from P. T. Owens to H. G. Kramer, trustee. This check was paid by the plaintiff, Savings Bank and Trust Company, out of the proceeds of the note secured by said deed of trust. At the time C. H. Brock received the check from P. T. Owens, and at the time the said check was paid by the Savings Bank and Trust Company, C. H. Brock knew that P. T. Owens had procured a loan from the Savings Bank and Trust Company, with which to pay the purchase price for the land, upon the agreement that said loan should be secured by a first mortgage or deed of trust on the land.

Thereafter, pursuant to an agreement entered into by and between P. T. Owens and C. H. Brock, on 2 December, 1924, the date of the transaction by which the land was conveyed by Brock to Owens, and by

Owens to Kramer, trustee, to wit, on 9 December, 1924, P. T. Owens delivered to C. H. Brock a deed of trust executed by P. T. Owens and his wife, by which the land was conveyed to defendant, E. F. Aydlett, trustee, to secure a note theretofore executed by P. T. Owens and payable to C. H. Brock, for the sum of $3,098.38.

The deed by which the land was conveyed by C. H. Brock to P. T. Owens was dated, executed and acknowledged on 2 December, 1924; it was delivered by Brock to Owens on the same day; it was probated by the clerk of the Superior Court of Currituck County, and filed for registration with the register of deeds of said county on 27 December, 1924.

The deed of trust from P. T. Owens to H. G. Kramer, trustee, securing the note for $15,000 to the Savings Bank and Trust Company, dated 26 November, 1924, was executed, acknowledged and delivered on 2 December, 1924; it was probated by the clerk of the Superior Court of Currituck County and filed for registration with the register of deeds of said county on 15 December, 1924, twelve days prior to the registration of the deed from C. H. Brock to P. T. Owens, conveying to him the land described therein.

The deed of trust from P. T. Owens to E. F. Aydlett, trustee, securing the note for $3,098.38, to C. H. Brock, dated 2 December, 1924, was executed, acknowledged and delivered on 9 December, 1924; it was probated by the clerk of the Superior Court of Currituck County and filed for registration with the register of deeds of said county on 13 December, 1924, fourteen days prior to the registration of the deed from C. H. Brock to P. T. Owens, conveying to him the land described therein, and two days prior to the registration of the deed of trust from P. T. Owens to H. G. Kramer, trustee, securing the note to plaintiff, Savings Bank and Trust Company.

Upon the foregoing facts, admitted in the pleadings and established by the verdict, the court was of opinion "that the lien created by the deed of trust to Kramer, trustee, is superior to and has priority over the lien created by the said deed of trust to Aydlett, trustee, and that defendant Brock is estopped to dispute the priority of said lien."

It was therefore "ordered, decreed and adjudged that the plaintiffs (Savings Bank and Trust Company, and H. G. Kramer, trustee) are entitled to and have the first lien upon the property described in section two of the complaint, and in said deed from Brock to Owens." It was further ordered, decreed and adjudged that the land be sold, and that out of the proceeds of the sale, after the payment of the costs and expenses of the same, the sum of $10,000, with accrued interest, be paid to the plaintiff, Savings Bank and Trust Company, and that the balance, if any, be paid to defendant, C. H. Brock. Since the commencement of this action the deed of trust executed by P. T. Owens to E. F. Aydlett,

trustee, has been foreclosed, by sale of the land described in the complaint, under the power of sale contained therein, and defendant, C. H. Brock, as the purchaser at said sale has become the owner of said land, subject to the lien, if any, of plaintiffs, by virtue of the deed of trust from Owens to Kramer, trustee.

In *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E., 196, it is said by this Court that "it is generally held that when a vendor conveys property and simultaneously takes back a mortgage to secure the payment of all or a part of the purchase price, and such mortgage is at once registered, the title to the property conveyed does not rest in the purchaser for any appreciable length of time, but merely passes through his hands, without stopping and vests in the mortgagee. During such instantaneous passage no lien of any character held against the purchaser, dower or homestead right, can attach to the title superior to the right of the holder of the purchase-money mortgage." This principle is founded not upon any supposed equity favoring a purchase-money mortgagee, but "simply upon the ground that the two instruments, having been executed simultaneously are regarded in law as concurrent acts or as component parts of a single act."

The refusal of the court to allow defendants' motion for judgment as of nonsuit, and the judgment rendered upon the admissions and upon the verdict would be clearly supported by this principle, if the deed from Brock to Owens, and the deed of trust from Owens to Kramer, trustee, which were executed and delivered, concurrently, and as a single transaction, had been registered at the same time, and the deed of trust to Kramer, trustee, at least to the extent of the purchase money advanced by the plaintiff, Savings Bank and Trust Company, would be clearly superior to the deed of trust executed by Owens to Aydlett, trustee, to secure a preëxisting debt due by Owens to Brock. For the principle is applicable, not only where the vendor or grantor in the deed takes a mortgage or deed of trust to secure purchase money, but also where a third party advances the money to pay the purchase price for the land conveyed to the mortgagor, and takes a mortgage or deed of trust to secure such advances, contemporaneously with the execution and delivery of the deed. *Weil v. Casey,* 125 N. C., 356, 34 S. E., 506, 41 C. J., 531, sec. 472. The effect, therefore, of the deed from Brock to Owens, and of the deed of trust from Owens to Kramer, trustee—both, upon the facts appearing in the record, being component parts of a single act—was to vest the title to the land, theretofore owned by Brock, in Kramer, trustee, to secure the payment of so much of the amount of the note payable to Savings Bank and Trust Company as was advanced by the said Savings Bank and Trust Company and applied to the payment of the purchase price for the land conveyed by Brock to Owens.

The title which thus vested in Kramer, trustee, was good as against Brock, and those claiming under him, except as purchasers for value from or as creditors of the said Brock, without registration of the deed from Brock to Owens, and of the deed of trust from Owens to Kramer, trustee. *Proffit v. Insurance Co.,* 176 N. C., 680, 97 S. E., 635. No title rested in Owens, by reason of the deed to him from Brock delivered on 2 December, 1924, upon which a lien of any character, by reason of a docketed judgment against him or of a registered mortgage or deed of trust executed by him, could attach, superior to the lien upon the land for the purchase money, by reason of the deed of trust to Kramer, trustee. *Weil v. Casey, supra.* Although the deed from Brock to Owens, and the deed of trust from Owens to Kramer, trustee, were not registered prior to the registration of the deed of trust to Aydlett, trustee, securing the note executed by Owens and held by Brock, no lien was acquired upon the land by reason of the deed of trust from Owens to Aydlett, trustee, superior to the title which vested in Kramer, trustee, by reason of the deed of trust to him from Owens, which was executed and delivered contemporaneously with the execution and delivery of the deed from Brock to Owens. The Savings Bank and Trust Company, by reason of the title which vested in Kramer, trustee, has a lien on the land described in the complaint, for the amount loaned by said company to Owens, and applied by him to the payment of the purchase money for the land. This lien is superior to the lien created by the deed of trust from Owens to Aydlett, trustee, securing payment of the note to Brock.

Upon the registration of the deed from Brock to Owens on 27 December, 1924, the liens upon the land conveyed thereby to Owens, by reason of the deeds of trust theretofore executed by him, both of which had been previously registered, attached at once, and simultaneously, to the title which vested in Owens by reason of said deed. *Johnson v. Leavitt,* 188 N. C., 682, 125 S. E., 490. The title in Owens, however, was subject to the lien of the plaintiff, Savings Bank and Trust Company, for the purchase price for the land, by reason of the deed of trust to Kramer, trustee. This lien was superior to the lien of the defendant, Brock, by virtue of the deed of trust to Aydlett, trustee. Priority of registration did not determine priority of lien, upon the facts admitted in the pleadings and established by the verdict.

There is no error in the judgment based upon the holding that upon the facts on this record, the lien of the plaintiffs is superior to the lien of the defendants to the extent of the amount loaned by plaintiff, Savings Bank and Trust Company, to Owens and applied by him to the payment of the purchase price for the land conveyed by Brock, notwithstanding the order in which the respective deeds of trust were regis-

tered. Whether or not the defendant, C. H. Brock, is estopped, in the absence of fraud, from disputing the priority of the lien created by the deed of trust to Kramer, trustee, over the deed of trust to Aydlett, trustee, under which he claims, need not be decided. It is well settled in this State that no notice, however full and formal of the prior execution of a deed, a mortgage or deed of trust, which has not been duly registered, will dispense with such notice by registration. The uniform and insistent enforcement of this principle is essential to the preservation of the integrity of our statutes relative to registration of deeds, mortgages and deeds of trust. It, however, has no application upon the facts on this record. The judgment is affirmed. There is

No error.