SMITH BUILDERS SUPPLY, INC., v. H. B. RIVENBARK, RECEIVER OF J. F. CASEY, INCOMPETENT, DELVA RAWLS CASEY, WIFE OF J. F. CASEY, G. DUDLEY HUMPHREY, TRUSTEE, AND F. E. LIVINGSTON, TRUSTEE.

(Filed 30 November, 1949.)

**Mortgages § 12: Laborers' and Materialmen's Liens § 8—**

A purchase money deed of trust stands upon the same footing as a purchase money mortgage, and its lien is superior to the lien for material which was begun to be furnished the purchaser while he was in possession under a lease with option to purchase, since no lien against the purchaser could attach prior to the lien of the deed of trust, the execution of the deed and the deed of trust being regarded as but one transaction.

APPEAL by plaintiff from *Hamilton, Special Judge,* April Term, 1949, of NEW HANOVER. Affirmed.

Plaintiff instituted this action to recover for materials furnished for the erection of a building on lands of defendants Casey, and to enforce lien therefor which had been filed under the statute (G.S. 44-1), 12 September, 1947.

It was agreed that plaintiff began furnishing material 2 June, 1947, and that balance due therefor was $1,487. It was also agreed that defendants Casey had entered the land in May, 1947, under a lease with option to purchase; that Casey had exercised the option 31 July, 1947, and that simultaneously with the execution and delivery of deed from the vendors to them Casey and wife executed deed of trust to H. Dudley Humphrey to secure $4,000, the purchase price, loaned by J. O. Hinton.

The deed and deed of trust were recorded 31 July, 1947. Subsequently the deed of trust was foreclosed with no excess over the debt secured.

It was agreed that only an issue of law was raised, and that the facts set out in the pleadings were true. Thereupon it was adjudged that the deed of trust to Humphrey, trustee, to secure Hinton was a purchase money deed of trust, and superior to the lien of the plaintiff for materials furnished.

Plaintiff appealed.

*Stevens, Burgwin & Mintz for plaintiff, appellant.*
*Kellum & Humphrey for defendants, appellees.*

DEVIN, J. The court below has ruled correctly upon the admitted facts here presented. The lien of the deed of trust to secure the purchase money loaned, which had been executed and recorded simultaneously with the deed to the vendees, was superior to that of the materialman.

The principle has been uniformly upheld here that a deed and a mortgage to the vendor for the purchase price, executed at the same time, are regarded as one transaction. The title does not rest in the vendee but merely passes through his hands, and during such instantaneous passage no lien against the vendee can attach to the title superior to the right of the holder of the purchase money mortgage. *Bunting v. Jones,* 78 N.C. 242; *Moring v. Dickerson,* 85 N.C. 466; *Hinton v. Hicks,* 156 N.C. 24, 71 S.E. 1086; *Humphrey v. Lumber Co.,* 174 N.C. 514, 93 S.E. 971; *Chemical Co. v. Walston,* 187 N.C. 817 (825), 123 S.E. 196; *Trust Co. v. Brock,* 196 N.C. 24, 144 S.E. 365. And this rule is equally applicable where a third party loans the purchase price and takes a deed of trust to a trustee to secure the amount so loaned. *Moring v. Dickerson, supra; Chemical Co. v. Walston, supra; Trust Co. v. Brock, supra.* The cases cited by appellant may not be held controlling on the facts here presented.

Judgment affirmed.