PEGRAM-WEST, INC. v. HIATT HOMES, INC., J. T. CARRUTHERS, JR., TRUSTEE, E. E. BOONE, JR., TRUSTEE, AND GATE CITY SAVINGS & LOAN ASSOCIATION

No. 7118DC415

(Filed 20 October 1971)

1. **Appeal and Error § 24— exceptions and assignments of error — alleged error**
   The exceptions and assignments of error must point out specifically and distinctly the alleged error of which review is sought.

2. **Rules of Civil Procedure § 41— general motions to dismiss — insufficiency**
   Where it was not disputed that plaintiff was entitled to a money judgment against one defendant, general motions to dismiss made by all defendants were insufficient to raise the question of whether the

evidence was sufficient to establish plaintiff's right to the particular relief sought against appellant, that is, to have the judgment declared a lien and to have the lien declared superior to the lien of appellant's deed of trust.

**3. Laborers' and Materialmen's Liens § 3— perfection of materialmen's lien**

Where a lien claimant properly files notice of lien within six months of the last date on which materials were furnished and commences an action to enforce the lien within six months from the date of filing the notice of lien in the county where the property is situated, the lien relates back to the time when the lien claimant began the furnishing of materials, and takes precedence over the lien of a deed of trust on the property recorded after the first materials were furnished.

**4. Laborers' and Materialmen's Liens § 9— materialmen's lien — relation back — priority over deed of trust**

There was sufficient evidence to show that plaintiff was entitled to a valid lien which under the relation back doctrine would relate back and become effective before 27 January 1969, the date on which appellant's deed of trust was recorded, where the evidence showed that plaintiff delivered the first materials to the lot on 8 January 1969, that the last delivery was made on 14 February 1969, that proper notice of claim of lien was filed on 20 June 1969, well within the time required, and that suit to enforce the lien was filed on 19 December 1969, which was within six months of the filing of the notice of claim of lien. [Former] G.S. 44-39 and 44-43.

**5. Laborers' and Materialmen's Liens § 9— material delivered before deed recorded — priority of lien over deed of trust**

Even though the owner's deed was not recorded until after a materialman made his first delivery of materials, the materialman's lien was superior to a deed of trust recorded 11 days after the recordation of the deed where materials were delivered after the deed was recorded and before the deed of trust was recorded.

**6. Mortgages and Deeds of Trust § 2— purchase money deed of trust — instantaneous seisin**

In order for the doctrine of instantaneous seisin to apply so that no lien against a vendee can attach to the title of the property superior to that of a purchase money deed of trust, it must appear that the deed of trust and deed to the property were delivered and recorded as a part of the same transaction.

**7. Laborers' and Materialmen's Liens § 9; Mortgages and Deeds of Trust § 2— purchase money deed of trust — recordation — priority of materialman's lien**

The doctrine of instantaneous seisin did not apply to give a purchase money deed of trust a superior lien over a materialman's lien where the deed of trust was not recorded until 11 days after the vendee's deed was recorded, since the instruments were not recorded as part of the same transaction.

---

Pegram-West, Inc. v. Homes, Inc.

---

**8. Appeal and Error § 57— failure to except to court's findings**

Where no exceptions were taken to any of the court's findings, they are presumed to be supported by competent evidence and are binding on appeal. Court of Appeals Rule 21.

**9. Rules of Civil Procedure § 41— motion to dismiss — findings by court**

A motion to dismiss under G.S. 1A-1, Rule 41 (b), does not raise the question of whether the particular findings made by the court are supported by the evidence, but only the question of whether any findings could be made from the evidence which would support a recovery.

APPEAL by defendant Boone from *Kuykendall, District Judge,* 4 February 1971 Session of District Court held in GUILFORD County.

In this action, instituted 19 December 1969, plaintiff seeks judgment against Hiatt Homes, Inc. (Hiatt) for materials furnished in the construction of a house; to have the judgment declared a lien on the lot on which the house is situated, and to have the lien declared superior to the liens of certain deeds of trust.

Plaintiff filed notice of claim of lien on 20 June 1969. The notice specifies the materials furnished, the dates they were furnished, and the charges therefor as follows:

| "DATE | TICKET | ITEMS | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|
| Jan  8 69 | 30065 | Cement Pipe | 24.72 | | 24.72 |
| Jan 23 69 | 30324 | Brixment, Vents, Etc. | 48.93 | | 73.65 |
| Feb 12 69 | 30665 | Framing | 313.45 | | |
| Feb 12 69 | 30666 | Plywood, Etc. | 446.73 | | |
| Feb 12 69 | 30670 | Framing, Shtg. | 783.86 | | |
| Feb 13 69 | 30680 | Felt | 18.03 | | |
| Feb 14 69 | 30690 | Studs | 74.16 | | |
| Feb 14 69 | 30702 | Trusses | 433.84 | | 2,143.72" |

The case was tried by the court without a jury. Before judgment was entered the priority of the lien of a deed of trust from Hiatt to defendant Carruthers, Trustee for defendant Savings & Loan Association, was stipulated. Hiatt admitted through its answer and through the testimony of its president that it was indebted to plaintiff for the balance due for materials, plus interest. This left in dispute only the questions of whether plaintiff

was entitled to a lien, and if so, whether the lien was superior to that of a deed of trust given by Hiatt to defendant Boone, Trustee, to secure a note to E. H. Tucker in the sum of $3,800.00.

Plaintiff's evidence tended to show that deliveries of materials were made to the lot as specified in its notice and on the dates therein set forth. Defendants offered evidence tending to show that Hiatt negotiated the purchase of the lot in question in December of 1968. A deed to Hiatt for the property, dated 9 December 1968, was executed and delivered on 16 January 1969, and was recorded in the office of the Guilford County Register of Deeds on 17 January 1969. On 27 January 1969 a deed of trust, dated 16 January 1969, from Hiatt to defendant Boone, was recorded.

The court entered findings of fact, made conclusions of law, and rendered judgment for plaintiff against Hiatt. The court further declared the judgment to be a lien upon the lot, and superior to the lien of the deed of trust to defendant Boone. Defendant Boone appealed.

*Dees, Johnson, Tart, Giles & Tedder by J. Sam Johnson, Jr., for plaintiff appellee.*

*Hoyle, Hoyle & Boone by John T. Weigel, Jr., for defendant appellant.*

GRAHAM, Judge.

Appellant's first two exceptions, which are grouped under his first assignment of error, appear in the record as follows:

"At the end of the plaintiff's evidence all defendants moved that the case be dismissed, motion denied, to which all the defendants took exception.

(EXCEPTION # 1)

"At the close of all the evidence all defendants moved for a dismissal. Motion denied to which all defendants took exception.

(EXCEPTION # 2)"

[1] Appellee argues that these exceptions are ineffectual in that they fail to point out specifically and distinctly the alleged error of which review is sought. The point is well taken. All of

the evidence was to the effect plaintiff had delivered materials to Hiatt for the construction of a residence on the subject lot. There was no evidence payment had been made and defendant Hiatt admitted in its answer and at the trial that it was indebted to plaintiff. G.S. 1A-1, Rule 41 (b) provides that a defendant may move for a dismissal on the ground that upon the facts and law the plaintiff has shown *no right to relief*. No one disputes the fact that the plaintiff here was entitled to a money judgment at least, so it was certainly not error for the court to refuse to dismiss the case.

[2] Rather than simply joining with the other defendants in general motions to dismiss the case, defendant should have made separate motions specifying the particular relief which he was seeking and the grounds therefor. Nevertheless, we treat the motions as having sufficiently raised the question of whether the evidence was sufficient to establish plaintiff's right to the particular relief sought against appellant; that is, to have the judgment declared a lien and to have the lien declared superior to the lien of appellant's deed of trust.

We hold that the evidence was sufficient.

G.S. 44-1, in effect at the time of the transactions in question, provided in pertinent part: "Every building built, rebuilt, repaired or improved, together with the necessary lots on which such building is situated . . . shall be subject to a lien for the payment of all debts contracted for work done on the same, or material furnished." (The sections of Chapter 44 dealing with liens on real property have been replaced by G.S. 44A-8, *et seq.,* effective 1 January 1970.)

[3] Where a lien claimant properly files notice of lien within six months of the last date on which materials were furnished and commences an action to enforce the lien within six months from the date of filing the notice of lien in the county where the property is situated, the lien relates back to the time when the lien claimant began the furnishing of materials, and takes precedence over the lien of a deed of trust on the property recorded after the first materials were furnished. *Heating Co. v. Realty Co.,* 263 N.C. 641, 140 S.E. 2d 330, and cases therein cited.

[4] Here plaintiff's evidence was that the first materials were delivered to the lot on 8 January 1969 and the last delivery was

made 14 February 1969. There was also evidence that the footings to the house were poured before 13 January 1969. Notice of claim of lien, specifying in detail the materials furnished and the dates thereof, was filed on 20 June 1969, which was well within the time required. G.S. 44-39. Suit to enforce the lien was filed 19 December 1969, which was within six months of the filing of the notice of claim of lien. G.S. 44-43. Thus there was sufficient evidence to show that plaintiff was entitled to a valid lien which under the relation back doctrine would relate back and become effective before 27 January 1969, the date on which appellant's deed of trust was recorded.

[5] Appellant argues that since Hiatt did not record his deed to the property until 16 January 1969, no lien for material furnished could attach before that date. Even so, this would not benefit appellant, because his deed of trust was not recorded until 27 January 1969, eleven days after the recordation of Hiatt's deed. Materials were delivered on 23 January after the deed was recorded and before the deed of trust was recorded.

Appellant contends that the case of *Supply Co. v. Rivenbark*, 231 N.C. 213, 56 S.E. 2d 431, is controlling here. There materials were furnished to the purchasers of a lot before title to the lot passed to them. The purchasers executed a deed of trust to secure the purchase price of the lot simultaneously with the execution and delivery to them of a deed to the lot. The instruments were recorded simultaneously. In holding the lien of the deed of trust to be superior to that of the materialman, the court employed the well established principle that no lien against a vendee can attach to the title of property superior to that of the holder of the purchase money mortgage. The rule, generally known as the doctrine of instantaneous seisin, and the theory behind it are set forth in *Chemical Co. v. Walston*, 187 N.C. 817, 825, 123 S.E. 196, 200:

> "It is generally held that when a vendor conveys property and simultaneously takes back a mortgage to secure the payment of all or a part of the purchase price, and such mortgage is at once registered, the title to the property conveyed does not *rest* in the purchaser for any appreciable length of time, but merely passes through his hands, without stopping, and *vests* in the mortgagee. During such instantaneous passage no lien of any character held against

the purchaser . . . can attach to the *title,* superior to the right of the holder of the purchase-money mortgage."

"[T]his rule is equally applicable where a third party loans the purchase price and takes a deed of trust to a trustee to secure the amount so loaned." *Supply Co. v. Rivenbark, supra,* at 214, 56 S.E. 2d at 432.

[6]    There was evidence here that appellant's deed of trust was given by Hiatt to secure the purchase price which was loaned by E. H. Tucker, holder of the secured note. There was also evidence that the deed of trust in question was executed by Hiatt on the same date that he obtained a deed to the lot in question. However, the deed of trust was not recorded until eleven days after the recordation of the deed. In order for appellant to benefit from the doctrine of instantaneous seisin it must appear not only that his deed of trust and the deed to the property were executed and delivered as part of the same transaction, but that they were also recorded as part of the same transaction. "These cases [*Supply Co. & Chemical Co.*] hold that when a deed to the vendee and his mortgage to the vendor for the unpaid purchase price—or to a third party for money loaned to pay the vendee the purchase price—are delivered *and recorded* as a part of the same transaction, no lien against the vendee can take precedence over 'the purchase money mortgage.'" (Emphasis added.) *Childers v. Parker's, Inc.,* 274 N.C. 256, 162 S.E. 2d 481.

[7]    Since the instruments here were not recorded as a part of the same transaction the doctrine of instantaneous seisin is not applicable.

[8, 9]    Plaintiff argues that several of the court's findings of fact are unsupported by the evidence. However, no exceptions were taken to any of the court's findings and they are therefore presumed to be supported by competent evidence and are binding on appeal. *Heating Co. v. Realty Co., supra; Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590; Rule 21, Rules of Practice in the Court of Appeals of North Carolina. A motion to dismiss under G.S. 1A-1, Rule 41, challenges the sufficiency of the evidence to permit a recovery. *Knitting, Inc. v. Yarn Co.,* 11 N.C. App. 162, 180 S.E. 2d 611. "[M]otion under Rule 41(b) . . . challenges the sufficiency of the plaintiff's evidence to establish his right to relief." *Wells v. Insurance Co.,* 10 N.C. App. 584, 588, 179 S.E. 2d 806, 809. Such a motion does not raise the question of

whether the particular findings made by the court are supported by the evidence, but only the question of whether any findings could be made from the evidence which would support a recovery.

We have nevertheless reviewed the findings of fact made in this case and conclude that they are supported by competent evidence. The findings of fact support the court's conclusion which in turn supports the judgment.

Appellant's final assignments of error are formal and raise no questions of substance. We overrule them without discussion.

No error.

Judges BROCK and VAUGHN concur.