WEST DURHAM LUMBER COMPANY, Plaintiff v. R. DWAYNE MEADOWS, MARY K. MEADOWS, MEADOWS CUSTOM HOMEBUILDERS, INC., MEADOWS CUSTOM HOMES, MEADOWS CUSTOM HOMEBUILDERS, MEADOWS & BRADFORD PROPERTIES, LLC, SIX FORKS TOWNHOMES ASSOCIATES, LLC, WILSON RALEIGH ROAD ASSOCIATES, LLC, CAPITAL BOULEVARD ASSOCIATES, LLC, CONOLEY FAMILY LIMITED LIABILITY COMPANY, HOLMES OIL CO., INC., WAKEFIELD PETROLEUM, LLC, WELLS FARGO BANK N.A., WELLS FARGO FINANCIAL NATIONAL BANK, MORRIS & SCHNEIDER, P.C. SOUTHLAND ASSOCIATES, INC., J. KENNETH EDWARDS, TRUSTEE, THE FIDELITY COMPANY, WASHINGTON MUTUAL BANK, F.A., TIDEWATER FINANCE COMPANY, MARTHA A. STANFORD, SHEPARD F. ROSENBLUM, ANN G. ROSENBLUM, BEN L. PRATT, GRETCHEN PRATT, AND NATIONAL BANK OF COMMERCE D/B/A CENTRAL CAROLINA BANK, Defendants

No. COA05-1181

(Filed 5 September 2006)

**1. Liens— materialman—seniority of liens—doctrine of instantaneous seisin—foreclosure**

The trial court erred by granting summary judgment in favor of plaintiff materialman based on the erroneous conclusion that plaintiff had a lien senior to defendant bank's lien when plaintiff's lien had been extinguished through foreclosure, because: (1)

although plaintiff had a valid materialman's claim of lien, the doctrine of instantaneous seisin provides that a previously existing materialman's lien would be subordinated to the lien of the purchase money deed of trust; (2) contrary to plaintiff's assertion, the affirmative defense of avoidance does not include the doctrine of instantaneous seisin; (3) defendant homebuilder company used $112,000 of the loan from defendant CCB bank toward the purchase price of the property, and therefore this amount from CCB is protected by the doctrine of instantaneous seisin and has priority superior to a previously existing materialman's lien although the balance on CCB's $560,000 deed of trust does not fall within the protection of the doctrine when it was not used toward the purchase of the property; (4) when CCB foreclosed upon the property, the foreclosure sale extinguished plaintiff's materialman's lien which was junior to the loan for the purchase of the property; and (5) when a claim of lien has been filed under N.C.G.S. § 44A-12 with surplus funds existing from the foreclosure sale of the encumbered property, the surplus funds stand in place of the encumbered property, and plaintiff failed to take the steps necessary to perfect its claim to the surplus proceeds which resulted from the foreclosure sale.

**2. Liens— materialman—validity—incorrect last date of furnishing**

The trial court did not err by concluding that plaintiff's materialman's lien was valid based on an incorrect last date of furnishing and the alleged listing of the wrong owner of the property, because: (1) N.C.G.S. § 44A-12(d) provides that a claim of lien on real property may be cancelled by a claimant or the claimant's authorized agent or attorney and a new claim of lien on real property substituted therefor within the time provided for original filing; (2) although plaintiff erroneously used the date of the last invoice on plaintiff's first two claims of lien filed on the property and in the original complaint, plaintiff corrected its mistake by cancelling the first two claims of lien and filing a corrected claim of lien within 120 days of the last furnishing of materials; (3) plaintiff instituted this action to enforce the lien within 180 days of the last furnishing of materials to the property which related back and had priority from 18 March 2003; and (4) contrary to defendants' assertion, plaintiff did not list the incorrect owner for purposes of the claim of lien.

**3. Appeal and Error— preservation of issues—failure to plead affirmative defense—estoppel**

Although defendants contend that plaintiff should be estopped from enforcing its claim of lien, this assignment of error is dismissed, because: (1) estoppel is an affirmative defense that must be pled in a responsive pleading; and (2) defendants failed to plead estoppel in their answer or amended answer.

Appeal by defendants National Bank of Commerce d/b/a Central Carolina Bank ("CCB") and Southland Associates, Inc. from the order entered 10 June 2005 by Judge Abraham Penn Jones in Durham County Superior Court. Heard in the Court of Appeals 8 March 2006.

*Bugg & Wolf, P.A., by William J. Wolf, for plaintiff-appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by James C. Adams, II, for defendant-appellants.*

JACKSON, Judge.

National Bank of Commerce d/b/a/ Central Carolina Bank ("CCB") and Southland Associates, Inc. (collectively referred to as "defendants") appeal from the trial court's entry of summary judgment, granting West Durham Lumber Company ("plaintiff") a judgment lien in the amount of $77,625.51 plus post-judgment interest. The sole property at issue is Lot Number 7064 in Phase 4 of Dunleith Subdivision at Wakefield Plantation as described in Deed Book 9998, Page 1637 of the Wake County, North Carolina Registry, and also known as 12460 Richmond Run Drive, Raleigh, North Carolina 27614-6414 (the "Property"). This case involves competing security interests of a materialmen's lien and a construction loan and purchase money deed of trust on the Property.

The facts are alleged as follows: prior to February 2003, Meadows Custom Homebuilders, Inc. ("Meadows") arranged with potential homeowners to build a house on the Property. In February 2003, Meadows contacted CCB about a possible loan to purchase the Property from the owner, Sandler at Wakefield, L.L.C. On 25 February 2003, CCB issued a commitment letter to Meadows for $560,000.00. On 7 March 2003, Sandler at Wakefield, L.L.C. conveyed the Property to Meadows with a special warranty deed. On 18 March 2003, plaintiff furnished their first materials to the Property. On 25 March 2003, Meadows executed a deed of trust in favor of CCB, and recorded the deed from Sander at Wakefield, L.L.C. and the deed of trust in favor

of CCB the next day. CCB closed the loan, and made an initial advance of $112,000.00 to Meadows, which Meadows used to purchase the Property. The deed of trust provided that $112,000.00 of the loan was secured by the Property. The deed of trust also secured additional obligatory advancements to Meadows, which advancements, when added to the amount allotted for the purchase of the Property, totaled $560,000.00.

On 11 July 2003, plaintiff furnished its last materials to the Property. Meadows defaulted on the deed of trust, and, on 12 August 2003, CCB began foreclosure proceedings. Between CCB's closing on the deed of trust and foreclosure, CCB had advanced $524,000.00 to Meadows, all secured by the deed of trust. Including interest, the total due as of the time of foreclosure was in excess of $527,000.00. CCB properly foreclosed on the Property and on, 2 October 2003, CCB purchased the property at the foreclosure sale for $425,000.00.

On 14 October 2003, plaintiff filed a claim of lien on the Property pursuant to North Carolina General Statutes Chapter 44A, Article 2, Part 1, stating that plaintiff furnished materials first on 18 March 2003, and furnished materials last on 11 July 2003, and that Meadows, CCB, and Southland Associates, Inc. owed plaintiff $77,625.51 plus interest and attorneys' fees as allowed by law.

On 6 October 2003, plaintiff brought this action to enforce its claim of lien. Before defendants filed their answer, plaintiff filed an amended complaint on 23 October 2003. Defendants answered both the original complaint and the amended complaint. Both plaintiff and defendants filed motions for summary judgment, and the parties' motions were heard on 8 June 2004 before the Honorable Abraham Penn Jones in Durham County Superior Court. The trial court entered an order granting plaintiff's motion and denying defendants' motion. Defendants appealed to this Court.

On appeal, defendants argue three issues: the trial court erred (1) in granting plaintiff a lien senior to defendants' lien when plaintiff's lien had been extinguished through foreclosure; (2) in concluding that plaintiff's lien was valid; and (3) by enforcing plaintiff's claim of lien because plaintiff should have been estopped from enforcing it.

[1] First, we address the issue of whether the trial court erred in granting plaintiff a lien senior to defendants' lien when plaintiff's lien had been extinguished through foreclosure.

**WEST DURHAM LUMBER CO. v. MEADOWS**

[179 N.C. App. 347 (2006)]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. *See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004). We review an order allowing summary judgment *de novo*. *Summey*, 357 N.C. at 496, 586 S.E.2d at 249.

"The North Carolina Constitution mandates that the General Assembly 'shall provide by proper legislation for giving to mechanics and laborers an adequate lien on the subject-matter of their labor.' " *O&M Indus. v. Smith Eng'r Co.*, 360 N.C. 263, 266, 624 S.E.2d 345, 347 (2006) (quoting N.C. Const. art. X, § 3). "To satisfy this mandate the legislature enacted statutes which are now codified in Chapter 44A of the General Statutes." *Id.* Pursuant to North Carolina General Statutes, section 44A-8,

> [a]ny person who performs or furnishes labor or professional design or surveying services or furnishes materials or furnishes rental equipment pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a right to file a claim of lien on real property on the real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished or equipment rented pursuant to the contract.

N.C. Gen. Stat. § 44A-8 (2005). "Claims of lien on real property may be filed at any time after the maturity of the obligation secured thereby but not later than 120 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien." N.C. Gen. Stat. § 44A-12(b) (2005). "An action to enforce the lien must be instituted within 180 days of the last furnishing of materials or labor." *Dalton Moran Shook Inc. v. Pitt Development Co.*, 113 N.C. App. 707, 711, 440 S.E.2d 585, 588 (1994) (citing N.C. Gen. Stat. § 44A-13). "A claim of lien on real property granted by this Article shall relate to and take effect from the time of the first furnishing of labor or materials at the site of the improvement by the

person claiming the claim of lien on real property." N.C. Gen. Stat. § 44A-10 (2005). In the present case, plaintiff furnished materials to defendants' Property pursuant to an open account agreement for the construction of the residence on the Property. Plaintiff furnished materials first on 18 March 2003, and last on 11 July 2003. Plaintiff properly filed its claim of lien within 120 days after the last furnishing of materials at the site of the Property. Furthermore, plaintiff instituted its action to enforce the lien well within 180 days of its last furnishing of materials to the Property. Plaintiff's claim of lien on the Property relates to and takes effect from 18 March 2003 because plaintiff first provided materials at the site of the Property on that date. Therefore, plaintiff has a valid materialmen's claim of lien.

We now consider whether the trial court erred in granting summary judgment in favor of plaintiff pursuant to the doctrine of instantaneous seisin and our holding in *Dalton Moran Shook Inc. v. Pitt Development Co.*, 113 N.C. App. 707, 440 S.E.2d 585 (1994).

Our jurisdiction recognizes that "[t]he doctrine of instantaneous seisin is a legal fiction which provides that when a deed and a purchase money deed of trust are executed, delivered, and recorded as part of the same transaction, the title conveyed by the deed of trust attaches at the instant the vendee acquires title and constitutes a lien superior to all others." *Dalton*, 113 N.C. App. at 712, 440 S.E.2d at 589 (citing *Supply Co. v. Rivenbark*, 231 N.C. 213, 56 S.E.2d 431 (1949). It is well established that " 'a deed and a mortgage to the vendor for the purchase price, executed at the same time, are regarded as one transaction.' " *Id.* (quoting *Supply Co.*, 231 N.C. at 214, 56 S.E.2d at 432). "The title does not rest in the vendee but merely passes through his hands, and during such instantaneous passage no lien against the vendee can attach to the title superior to the right of the holder of the purchase money mortgage." *Id.* (citing *Supply Co.*, 231 N.C. at 214, 56 S.E.2d at 432). Pursuant to this doctrine, a previously existing materialmen's lien would be subordinated to the lien of the purchase money deed of trust. *Id.* (citing *Carolina Builders Corp. v. Howard-Veasey Homes, Inc.*, 72 N.C. App. 224, 324 S.E.2d 626, *disc. review denied*, 313 N.C. 597, 330 S.E.2d 606 (1985)). The doctrine is "equally applicable where a third party loans the purchase price and accepts a deed of trust to secure the amount so loaned." *Slate v. Marion*, 104 N.C. App. 132, 135, 408 S.E.2d 189, 191 (quoting *Pegram-West, Inc. v. Hiatt Homes, Inc.*, 12 N.C. App. 519, 525, 184 S.E.2d 65, 68 (1971)), *disc. review denied*, 330 N.C. 442, 412 S.E.2d 75 (1991).

In the present case, defendant contends that the doctrine of instantaneous seisin applies because Meadows purchased the Property from Sandler at Wakefield, L.L.C. and Meadows mortgaged the Property with CCB as part of the same transaction. Plaintiff does not argue whether or not the execution, delivery, and recordation of the deed and deed of trust were part of one transaction. Rather, plaintiff contends that the doctrine of instantaneous seisin is an affirmative defense that is not properly before us pursuant to North Carolina General Statutes, section 1A-1, Rule 8(c). Rule 8(c) provides:

> a party shall set forth affirmatively accord and satisfaction . . . and any other matter constituting an avoidance or affirmative defense. Such pleading shall contain a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved.

N.C. Gen. Stat. § 1A-1, Rule 8(c) (2005). This jurisdiction has not extended the affirmative defense of avoidance to include the doctrine of instantaneous seisin, and we decline to do so in this instance.

In *Dalton*, this Court carved out an exception to the application of the doctrine of instantaneous seisin. In *Dalton*, the development company executed a note and a deed of trust in favor of the bank, and the documents were recorded simultaneously. *Dalton*, 113 N.C. App. at 709, 440 S.E.2d at 587. The deed of trust secured not only the purchase price of the property, but also certain additional obligatory advancements. *Id.* This Court agreed with the materialmen's argument that "if the doctrine [of instantaneous seisin] is applicable where the deed of trust securing the purchase price also secures additional advancements for development or construction purposes, a materialmen's lien should be subordinated to the deed of trust only to the extent that it secures the purchase price." *Id.* at 713, 440 S.E.2d at 589. Thus, when a loan is made to both purchase the property and to develop the property, the doctrine of instantaneous seisin only applies to protect the amount used to purchase the property. *Id.* Therefore, a deed of trust securing the purchase price of property as well as construction or development loans is superior to a previously existing materialmen's lien *only* to the extent that the deed of trust secures the purchase price of the property. *Id.* at 714, 440 S.E.2d at 590.

In the case *sub judice*, Meadows used $112,000.00 of the loan from CCB towards the purchase price of the Property. Therefore, $112,000.00 of the loan from CCB is protected by the doctrine of instantaneous seisin, and has priority superior to a previously existing materialmen's lien. *See Slate*, 104 N.C. App. at 135, 408 S.E.2d at 191 (a deed of trust is a purchase money deed of trust "if it is made as part of the same transaction in which the debtor purchases land, embraces the land so purchased, and secures all or part of its purchase price"). Thereafter, the balance on CCB's $560,000.00 deed of trust was not used towards the purchase of the Property, and therefore it does not fall within the protection of the doctrine of instantaneous seisin.

As a result of our application of the holding in *Dalton* to the present case, lien priority rules under Chapter 44A of the North Carolina General Statutes apply to plaintiff's claim of lien. As discussed *supra*, plaintiff filed a valid claim of lien on 14 October 2003 within 120 days after the last furnishing of materials to the site, which occurred on 11 July 2003. Plaintiff filed a timely action to enforce the claim of lien on 23 October 2003, well within the 180 days after the last furnishing of materials to the site. Therefore, plaintiff had a valid claim of lien that related back to the date of the first furnishing of materials, which was 18 March 2003. Plaintiff's materialmen's lien of $77,615.51 that attached to the property on 18 March 2003, has priority over the balance of CCB's deed of trust that Meadows did not use to purchase the Property, as the materialmen's lien attached prior to the recordation of CCB's deed of trust on 26 March 2003. However, plaintiff's materialmen's lien remained junior to the portion of CCB's portion of the deed of trust which was used to secure the purchase of the property. Therefore, when CCB foreclosed upon the property, CCB's foreclosure sale of the property extinguished plaintiff's materialmen's lien which was junior to the loan for the purchase of the property. *See, Dixieland Realty Co. v. Wysor*, 272 N.C. 172, 175, 158 S.E.2d 7, 10 (1967) (it is settled law that foreclosure of a lien with priority eliminates all liens junior to the lien foreclosed upon).

Thus, as plaintiff's materialmen's lien was extinguished upon the foreclosure sale, plaintiff was then required to initiate a claim upon surplus funds from the foreclosure sale that were received in excess of CCB's initial $112,000.00 loan amount. When a claim of lien has been filed pursuant to section 44A-12, and surplus funds exist from the foreclosure sale of the encumbered property, the surplus funds stand in place of the encumbered property. *Lynch v. Price Homes,*

*Inc.*, 156 N.C. App. 83, 86, 575 S.E.2d 543, 545 (2003) (citing *Merritt v. Edwards Ridge*, 323 N.C. 330, 335, 372 S.E.2d 559, 563 (1988)). An individual claiming a lien upon surplus funds "must meet the requirements of [section] 44A-13 to enforce a perfected lien on the surplus funds, in the same manner required to enforce a perfected lien against the property." *Id.* In addition,

> Any surplus remaining after the application of the proceeds of the sale as set out in subsection (a) shall be paid to the person or persons entitled thereto, if the person who made the sale knows who is entitled thereto. Otherwise, the surplus shall be paid to the clerk of the superior court of the county where the sale was had—
>
> . . .
>
> (3) In all cases when the mortgagee, trustee or vendor is, for any cause, in doubt as to who is entitled to such surplus money, and
>
> (4) In all cases when adverse claims thereto are asserted.

N.C. Gen. Stat. § 45-21.31(b) (2003). Therefore, in order to claim a right to a portion of the surplus funds from the foreclosure sale, plaintiff should have filed a notice of a claim with the clerk of court. Plaintiff failed to do so. Thus, plaintiff failed to take the steps necessary to perfect its claim to the surplus proceeds which resulted from the foreclosure sale.

**[2]** We now turn to defendants' second argument as to whether the trial court erred in concluding that plaintiff's lien was valid.

Defendants argue that the trial court erred in concluding that plaintiff's claim of lien was valid because plaintiff's claim of lien listed an incorrect last date of furnishing and the wrong owner of the Property. We recognize that "[a] claim of lien on real property may be cancelled by a claimant or the claimant's authorized agent or attorney and a new claim of lien on real property substituted therefor within the time herein provided for original filing." N.C. Gen. Stat. § 44A-12(d) (2005).

In the present case, plaintiff erroneously used the date of the last invoice on plaintiff's first two claims of lien filed on the Property, and in the original complaint. However, plaintiff corrected its mistake by

cancelling the first two claims of lien, and filing a corrected claim of lien within 120 days of the last furnishing of materials. Furthermore, plaintiff instituted this action to enforce the lien within 180 days of the last furnishing of materials to the Property. Therefore, plaintiff had a valid claim of lien, and plaintiff's claim of lien related back and had priority from 18 March 2003.

Defendant also argues that the trial court erred in holding that plaintiff had a valid claim of lien because the claim of lien listed the incorrect owner. North Carolina General Statutes, section 44A-7 defines the "owner" for lien purposes as

> a person who has an interest in the real property improved and for whom an improvement is made and who ordered the improvement to be made. "Owner" includes successors in interest of the owner and agents of the owner acting within their authority.

N.C. Gen. Stat. § 44A-7(3) (2005). Here, the deed of trust executed on 7 March 2003 lists Meadows Custom Homebuilders, Inc. as the grantee. Additionally, the purchase money deed of trust recorded on 26 March 2003 lists Meadows as the grantor and CCB as the grantee. Plaintiff correctly lists Meadows, CCB, and Southland Associates as the owners for purposes of the claim of lien, and plaintiff does not list the incorrect owner. Therefore, defendant's argument is without merit.

[3] Finally, we turn to defendants' argument that plaintiff should have been estopped from enforcing plaintiff's claim of lien. Estoppel is an affirmative defense that must be pled in a responsive pleading. N.C. Gen. Stat. § 1A-1, Rule 8(c) (2005). Defendants failed to plead estoppel in their answer or amended answer. Therefore, defendant waived the affirmative defense of estoppel and may not assert estoppel on appeal.

In conclusion, we hold that although plaintiff had a valid claim of lien that attached to the Property on 18 March 2003, and such lien was superior to the balance from the deed of trust that Meadows did not use to purchase the Property, plaintiff's lien was junior to a portion of CCB's deed of trust. Therefore, when CCB foreclosed on the property, the foreclosure sale instituted to satisfy the purchase money loan extinguished plaintiff's junior materialmen's lien. As plaintiff failed to take the steps necessary to perfect a claim to the surplus proceeds from the foreclosure sale, plaintiff did not have a valid and effective lien upon such funds. Accordingly, we hold the trial court's entry of

summary judgment in favor of plaintiff was in error. This matter is remanded to the trial court for entry of partial summary judgment in favor of defendant on this issue.

Reversed and remanded.

Judges STEELMAN and LEVINSON concur.