CLARK, J., dissents arguendo, in which MacRAE, J., concurs.
It is provided by section 1, chapter 147, Laws 1885, that "No conveyance of land . . . shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or lessor, but from the registration thereof." This language is very plain as to purchasers, and their rights attach as against an unregistered deed from the time of their purchase and the execution of a deed to them. As to creditors the intention is not so clear, and whether their rights attach from the contracting of the indebtedness, the docketing of a judgment, or sale under execution, is left an open question. Assuming, however, that the creditor's rights as against an unregistered deed attached from the docketing of a judgment, we are at a loss to discover any reason for exempting him from the proviso of the act and placing him upon a higher ground as to (737) constructive or actual notice than that occupied by a purchaser for value. A judgment creditor has never in this State been regarded in the light of a purchaser for value, and it is well settled that even a purchaser without notice at an execution sale takes the land subject to any rights or equities that might have been asserted against the judgment debtor. Rollins v. Henry, 78 N.C. 342. Like a mortgagee, where the mortgage is made to secure a preexisting debt, he is "not out of pocket one cent, and stands in the shoes of the debtor." Southerland v. Fremont,107 N.C. 565.
The incongruity of the supposed distinction is well illustrated by the contention in this case that the purchaser at the execution sale is unaffected by actual notice of Mrs. Withrow's claim under her unregistered *Page 489 
deed, while a purchaser who pays out his money and takes a deed from her grantor would, under similar circumstances, take subject to her equitable estate. The reasons assigned for the distinction when the case was formerly before us (109 N.C.) are not, upon a consideration, deemed satisfactory to us; and indeed it is clearly intimated that they have no application whatever when actual notice is given.
Thus much have we said for the purpose of showing that the words of the proviso should receive a liberal construction so as to give full force and effect to the spirit and intention of the act. We should be slow to adopt such a strict and narrow construction of a statute as reverses the respective standing of creditors and purchasers as fixed by the entire course of judicial decision in this State. The language should be very clear before we can attribute such an intention to the Legislature. We think that the proviso was intended to save the rights of the holder of an unregistered deed against these undefined creditors, as well as against purchasers who actually paid out their money upon the faith of their purchase. The act was not to apply to deeds, etc., (738) already executed, until 1 January, 1886, nor does it apply to deeds executed prior to 1 December, 1885, where a purchaser from the grantor of an unregistered deed had actual or constructive notice of the same. It was intended, as we have said, to save the rights of the equitable owner against creditors as well as purchasers having such notice, and, as we have remarked, we can see no reason why there should be any discrimination between them, and certainly none in favor of creditors.
It is insisted, however, that this intention was clearly indicated by the language of the proviso, which is as follows: "Provided, further, that no purchase from any such donor, bargainor, or lessor shall avail or pass title as against any unregistered deed executed prior to 1 December, 1885," where there is constructive or actual notice. It is urged that, notwithstanding the superior rights of the equitable owner as against judgment creditors, which have ever been recognized and enforced by our courts, the words "donor, bargainor and lessor" should, in order to defeat them, be construed so strictly as to exclude from their meaning one who purchases land at an execution sale. In other words, because the purchaser acquires his title through the instrumentality of the sheriff's deed, he is not to be deemed a purchaser from the "donor bargainor or lessor," and like them affected with notice. This is too great a refinement — nam quihaeret in litera, haeret in cortice — and should not be permitted to defeat a clear, equitable right of which the purchaser has actual notice.
That the late Chief Justice did not intend that such an inequitable result should follow is entirely clear from his reasoning, as well as his plain and unmistakable intimation. Whatever he may have said in the *Page 490 
(739) discussion of the case it is perfectly manifest that he never contemplated that Mrs. Withrow should be deprived of her land if the purchaser had actual notice of her claim.
It will be observed that most of the opinion is directed against the impolicy of applying the doctrine of constructive notice by possession to execution sales, but as to actual notice it is assumed that it was sufficient. If this is not so, it is difficult to account for the following language: "Moreover persons so claiming under an unregistered deed are charged with notice of docketed judgments against the donor, etc., under whom they claim; they have constructive notice of the sheriff's sale of land, and it is their own laches if they fail to give notice at the sale of their claim and unregistered deed." Such is the just and equitable view as to the effect of actual notice in this case which the lamented ChiefJustice entertained, and this was so evidently his meaning that his Honor below seems to have had but little hesitation in acting upon it. We did the same upon the appeal and are unable to see any reason why the judgment should be disturbed.
No objection was made to the introduction of the deed to Mrs. Withrow because it was not registered within five years.
PETITION DISMISSED.