J. C. COWEN v. T. J. WITHROW.

*Unregistered Deed—Constructive Notice—Purchaser at Execution Sale.*

The proviso to section 1, ch. 147, Acts of 1885 ("Connor's Act"), that no purchase of land from a donor, bargainor or lessor shall avail or pass title as against any unregistered deed executed prior to December 1, 1885, where there is constructive or actual notice, applies as well to a purchaser of land at an execution sale with actual notice as to a purchaser from the "bargainor or lessor."

CLARK, J., dissents *arguendo*, in which MACRAE, J., concurs.

PETITION of plaintiff to rehear the cause decided at September Term, 1891, and reported in 109 N. C., 636.

*Messrs. Justice & Justice*, for petitioner.
*Mr. J. A. Forney*, contra.

SHEPHERD, C. J.: It is provided by section 1, chapter 147, Acts of 1885, that "No conveyance of land  *  *  * shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or lessor, but from the registration thereof." This language is very plain as to purchasers, and their rights attach as against an unregistered deed from the time of their purchase and the execution of a deed to them. As to creditors the intention is not so clear, and whether their rights attach from the contracting of the indebtedness, the docketing of a judgment, or sale under execution, is left an open question. Assuming, however, that the creditor's rights as against an unregistered deed attached from the docketing of a judgment, we are at a loss to discover any reason for exempting him from the proviso of

the act and placing him upon a higher ground as to constructive or actual notice than that occupied by a purchaser for value. A judgment creditor has never in this State been regarded in the light of a purchaser for value, and it is well settled that even a purchaser without notice at an execution sale takes the land subject to any rights or equities that might have been asserted against the judgment debtor. *Rollins* v. *Henry*, 78 N. C., 342. Like a mortgagee, where the mortgage is made to secure a pre-existing debt, he is "not out of pocket one cent, and stands in the shoes of the debtor." *Southerland* v. *Fremont*, 107 N. C., 565.

The incongruity of the supposed distinction is well illustrated by the contention in this case that the purchaser at the execution sale is unaffected by *actual notice* of Mrs. Withrow's claim under her unregistered deed, while a purchaser who pays out his money and takes a deed from her grantor would, under similar circumstances, take subject to her equitable estate. The reasons assigned for the distinction when the case was formerly before us (109 N. C.) are not, upon a consideration, deemed satisfactory to us; and indeed it is clearly intimated that they have no application whatever when actual notice is given.

Thus much have we said for the purpose of showing that the words of the proviso should receive a liberal construction so as to give full force and effect to the spirit and intention of the act. We should be slow to adopt such a strict and narrow construction of a statute as reverses the respective standing of creditors and purchasers as fixed by the entire course of judicial decision in this State. The language should be very clear before we can attribute such an intention to the Legislature. We think that the proviso was intended to save the rights of the holder of an unregistered deed against these undefined creditors, as well as against purchasers who actually paid out their money upon

the faith of their purchase. The act was not to apply to deeds, etc., already executed until the 1st of January, 1886, nor does it apply to deeds executed prior to the 1st of December, 1885, where a purchaser from the grantor of an unregistered deed had actual or constructive notice of the same. It was intended, as we have said, to save the rights of the equitable owner against creditors as well as purchasers having such notice, and, as we have remarked, we can see no reason why there should be any discrimination between them, and certainly none in favor of creditors.

It is insisted, however, that this intention was clearly indicated by the language of the proviso, which is as follows : "Provided, further, that no purchase from any such donor, bargainor or lessor shall avail or pass title as against any unregistered deed executed prior to the 1st of December, 1885," where there is constructive or actual notice. It is urged that, notwithstanding the superior rights of the equitable owner as against judgment creditors, which have ever been recognized and enforced by our Courts, the words "donor, bargainor and lessor" should, in order to defeat them, be construed so strictly as to exclude from their meaning one who purchases land at an execution sale. In other words, because the purchaser acquires his title through the instrumentality of the Sheriff's deed, he is not to be deemed a purchaser from the "donor, bargainor or lessor," and like them affected with notice. This is too great a refinement—*nam qui haeret in litera, haeret in cortice*—and should not be permitted to defeat a clear, equitable right of which the purchaser *has actual notice*.

That the late Chief Justice did not intend that such an inequitable result should follow is entirely clear from his reasoning, as well as his plain and unmistakable intimation. Whatever he may have said in the discussion of the case, it is perfectly manifest that he never contemplated that Mrs.

Withrow should be deprived of her land if the purchaser had actual notice of her claim.

It will be observed that most of the opinion is directed against the impolicy of applying the doctrine of constructive notice by possession to execution sales, but as to actual notice it is *assumed* that it was sufficient.   If this is not so, it is difficult to account for the following language: "Moreover persons so claiming under an unregistered deed are charged with notice of docketed judgments against the donor, etc., under whom they claim; they have constructive notice of the Sheriff's sale of land, and it is their own laches if they fail to give notice at the sale of their claim and unregistered deed."   Such is the just and equitable view as to the effect of actual notice in this case which the lamented Chief Justice entertained, and this was so evidently his meaning that his Honor below seems to have had but little hesitation in acting upon it.   We did the same upon the appeal and are unable to see any reason why the judgment should be disturbed.

No objection was made to the introduction of the deed to Mrs. Withrow because it was not registered within five years.                              Petition Dismissed.

CLARK, J., dissenting: One of the most beneficial laws enacted of late years is chapter 147, Acts of 1885, commonly known as "Connor's Act," from having been drawn and introduced in the General Assembly by Judge Connor, now of the Superior Court bench, but at that time a member of the State Senate.   One of the settled rules of construction is to consider the mischief to be remedied.   The object of the act is thus referred to by AVERY, J., in *Hughes* v. *Hodges*, 102 N. C. (on p. 240): "It has been repeatedly declared to be sound public policy to remove every obstacle to the ready sale of real estate upon the market in order to

benefit commerce and thereby promote general prosperity. It was in furtherance of this object that our General Assembly, but a few years since, so altered our registration laws that persons proposing to purchase could be well advised as to the title by a careful inspection of the public records." This was not the case till the adoption of this act. Till then, while counsel investigating the title to land for an intending purchaser, could assure him the conveyance would be valid against any unregistered mortgages, it might be wholly invalidated by the unexpected production of an unregistered deed. To remedy this the Legislature proceeded to place unregistered deeds upon exactly the same basis as unregistered mortgages. How does this appear? In the most unmistakable manner. The Act of 1885, as to unregistered deeds, is copied *verbatim* from the act in force as to unregistered mortgages. *The Code* §1254. It is difficult to understand how the same words in the two acts can be construed to mean differently. There is one exception only in the Act of 1885. There is no exception of any kind whatever as to unregistered deeds executed after 1st December, 1885. As to deeds executed before that date there is no exception except as to "purchasers from a donor, bargainor or lessor" when the person holding or claiming under the unregistered deed is in actual possession of such land at the time of the purchase, or such purchaser from donor or bargainor has notice of the prior unregistered deed. As already pointed out by the opinion of MERRIMON, C. J., when this case was here first (109 N. C., 636), the plaintiff did not come within the exception, for he was not a "purchaser from a donor, bargainor or lessor." The plaintiff not being within the *proviso*, the statute places him absolutely on the footing of one who purchases at an execution sale against a mortgagor whose mortgage is unregistered at the date of such sale and whose title as

such purchaser is good against the mortgage executed before but registered after the sale.

When the judgment was docketed it became a lien in favor of the creditor on the debtor's realty (*The Code*, §435), which could not be divested by the subsequent registration of either deed or mortgage from the debtor. By such docketing the rights of the creditor to have the land applied to his debt becomes vested. The purchaser at the execution sale buys the land to the full extent of the creditor's lien on it. He is not limited to the interest which the debtor would have as between himself and his grantee or mortgagee under an unregistered deed or mortgage, for as between the parties the deed or mortgage would be good without registration. The statute, as we have seen, makes no exception which divests the lien of a docketed judgment in favor of an unregistered deed. The exception is only (and only, too, as to deeds executed prior to December 1, 1885) that the unregistered deed is good as to a purchaser from the donor, bargainor or lessor when such purchaser has notice by possession or otherwise of the rights of the holder of the unregistered deed.

It is not required to find a good reason for an act of the Legislature in order to support the validity of the distinction made by the act, but in fact a very good reason is pointed out by MERRIMON, C. J., in this case, 109 N. C., 636, in that a purchaser, up to December 1, 1885, though not since, if careful, would inquire of his bargainor as to unregistered deeds, and secure himself from them by a proper warranty, while a purchaser at an execution sale would not have that advantage, and, therefore, by the terms of the act is protected against unregistered deeds or anything not appearing on the record, exactly as against unregistered mortgages. Indeed, as this Court has held, a docketed

judgment is in the nature of a statutory mortgage, and the purchaser under it should have the same protection.

The *feme* defendant has no cause to complain. The act was ratified February 27, 1885, and she, as well as the rest of the world, was notified that the extension of the time within which her unregistered deed would be good against the rights of creditors was limited to the 1st of January following. It is singular that though she claims that her husband made her the deed in 1882, yet, notwithstanding the publicity of advertisement and the subsequent sale under the creditor's judgment lien on December 11, 1888, her deed was not recorded till near a year thereafter, November 27, 1889, when the purchaser was endeavoring to obtain possession. The Act of 1885, ch. 147, provides: "No conveyance of land shall be valid to pass any property as against creditors but from registration thereof in the county where the land lieth." There is no exception as to the rights of married women or any other exception of any kind whatever affecting this case, and the Court has power to interpolate none.

When this case was here again (111 N. C., 306) the Court correctly held that notice to the agent, acting in the scope of his employment, was notice to the principal. But it was an inadvertence to hold that the proviso in the act applied to purchasers at an execution sale who buy the creditor's rights. What is the intent and effect of docketing the judgment but that the interest acquired by such docketing shall be sold and pass to the purchaser at the execution sale? The proviso, by its plain, unmistakable terms as well as by the former decision of this Court (109 N. C., 636), contains, as already stated, no exception as to creditors, but is restricted to purchasers from the donor, bargainor or lessor.

Even independent altogether of the Act of 1885 the defendant has no valid defence to the plaintiff's demand for possession. By section 1245 of *The Code,* in force in 1882, her deed was not "good and available" unless registered in two years, and no subsequent act was passed which extended the time beyond January 1, 1886. Her deed is therefore valueless under the former statute. Whence, then, comes her right under the circumstances to resist the purchaser at a sale under a docketed judgment? The petition to rehear should be allowed.

MacRae, J., also dissents.