XAVER FRANZ FRIEDLMEIER AND WIFE, MATHILDE FRIEDLMEIER v. GARDNER ALTMAN, JR., ASKATRAL INTERNATIONAL, LTD. AND KELGARASH, LTD.

No. 884SC797

(Filed 18 April 1989)

**Mortgages and Deeds of Trust § 2— settlement agreement between attorney and client—agreement to purchase real property—purchase money instruments**

The trial court correctly concluded that a deed of trust and promissory note were purchase money instruments and that plaintiffs were not entitled to a deficiency judgment in an action arising from the settlement of a dispute between plaintiff clients and defendant attorney in which defendant

FRIEDLMEIER v. ALTMAN

[93 N.C. App. 491 (1989)]

agreed to purchase real property from plaintiffs where plaintiffs, residents of Germany, had employed defendant to represent them in the purchase of real property; a dispute arose over defendant's representation; the parties entered a settlement agreement wherein defendant agreed to purchase the real property from plaintiffs; under the agreement, defendant agreed to pay plaintiffs $225,000 in cash at closing and a $330,000 promissory note to be secured by a deed of trust conveying a second lien; defendant paid at closing $225,000 in cash and plaintiff conveyed the property to a corporation owned by the individual defendant, Askatral International, Ltd.; Askatral delivered to plaintiffs a promissory note and deed of trust, both of which stated that they were purchase money instruments, for $330,000; another corporation owned by the individual defendant subsequently purchased the $850,000 note and first deed of trust from Southern National Bank; Askatral failed to make any payments due to plaintiffs on the note; defendant's second corporation, Kelgarash, commenced foreclosure and was successful bidder at the foreclosure sale, paying $850,000 plus any interest that was due to Southern National Bank for the note and deed of trust; plaintiffs sued for $330,000 together with interest, punitive damages, attorney's fees and the imposition of a constructive trust relating to the real property; and the judge, trying the case without a jury, found that defendant Altman fulfilled the obligations imposed upon him by the agreement, that the note and second deed of trust were purchase money instruments, that plaintiffs' remedy was limited to the foreclosure action and that they were not entitled to a deficiency judgment. Defendant Altman satisfied his obligations under the land sale portion of the settlement agreement when the parties closed the transaction and he paid the plaintiffs $225,000 in cash and his corporation executed a promissory note for the remaining $330,000, and the parties' rights and liabilities thereafter arose from the promissory note and deed of trust, not from the settlement agreement. Both the note and deed of trust recited on their faces that they were for the balance of purchase money for real estate as required by N.C.G.S. § 45-21.38; furthermore, plaintiffs' counsel testified that he explained to Mr. Friedlmeier that "the only money [he] could count on getting in this settlement was . . . [the] $225,000 that was to be paid at closing" because it was a purchase money transaction.

APPEAL by plaintiffs from *Phillips, Herbert O., III, Judge.* Judgment entered 10 February 1988 in ONSLOW County Superior Court. Heard in the Court of Appeals 13 March 1989.

Plaintiffs, residents of Germany, employed defendant Altman, an attorney licensed to practice law in North Carolina, to represent them in the purchase of real property. A dispute arose over defendant Altman's representation, and plaintiffs brought a civil action against Altman and others seeking damages flowing from the real estate transaction. The parties entered a settlement agreement wherein Altman agreed to purchase the real property from plaintiffs and plaintiffs promised to dismiss their action against him and not to file misconduct charges against him.

Under the agreement defendant Altman agreed to pay plaintiffs $555,000 for the property: $225,000 to be paid in cash at closing and a $330,000 promissory note to be secured by a deed of trust conveying a second lien. The property was subject to a prior deed of trust in favor of Southern National Bank in the amount of $850,000. The agreement also dealt with the disbursement of escrow funds, contained options to lease and to purchase farm equipment, granted plaintiffs the right to rent a portion of the property, and contained mutual release provisions.

At the closing of the land sale transaction on 21 December 1985 defendant Altman paid plaintiffs $225,000 in cash, and plaintiffs conveyed the property to a corporation owned by Altman, Askatral International, Ltd. Defendant Askatral delivered to plaintiffs a promissory note and deed of trust, both of which stated that they were purchase money instruments, in the amount of $330,000. Another corporation owned by Altman, Kelgarash, Ltd., subsequently purchased the $850,000 note and deed of trust from Southern National Bank. Askatral, which had no assets at the time of the closing, failed to make any payments due to plaintiffs on the note and failed to make the payments due to Kelgarash. Kelgarash commenced foreclosure and was the successful bidder at the foreclosure sale. It paid $850,000 plus any interest that was due Southern National Bank for the note and deed of trust.

Plaintiffs sued defendants seeking $330,000 together with interest, punitive damages, attorney's fees, and the imposition of a constructive trust relating to the real property. The case was tried before Judge Phillips without a jury. The trial court found that defendant Altman fulfilled the obligations imposed upon him

by the agreement and was not indebted to plaintiffs. It found that the note and second deed of trust were purchase money instruments within the meaning of the anti-deficiency judgment statute, N.C. Gen. Stat. § 45-21.38 (1984). The trial court concluded that plaintiffs' remedy, consequently, was limited to the foreclosure action and that they were not entitled to a deficiency judgment. The court concluded further that defendants did not defraud plaintiffs, and that neither defendant Altman nor Kelgarash had been unjustly enriched. The court entered judgment for defendants and plaintiffs appealed.

*Clifton & Singer, by Benjamin F. Clifton, Jr., for plaintiff-appellants.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams and John D. Martin, for defendant-appellees Gardner Altman, Jr., and Askatral International, Ltd. Farris and Farris, P.A., by Robert A. Farris, Jr. and Thomas J. Farris, for defendant-appellee Kelgarash, Ltd.*

WELLS, Judge.

Plaintiffs contend that the trial court erroneously categorized their action as being based on the promissory note, rather than as an action for breach of the settlement agreement, fraud, and declaration of a constructive trust. At the outset we emphasize, however, that defendant Altman satisfied his obligations under the land sale portion of the settlement agreement when the parties closed the transaction on 21 December 1985; he paid plaintiffs $225,000 in cash and his corporation executed a promissory note for the remaining $330,000. Thereafter the parties' rights and liabilities with respect to the land sale arose from the promissory note and deed of trust, not from the settlement agreement.

Plaintiffs further contend that the note and deed of trust were not purchase money instruments, and consequently the anti-deficiency judgment statute, N.C. Gen. Stat. § 45-21.38 (1984), does not apply. "[A] deed of trust is a purchase money deed of trust only if it is made as a part of the same transaction in which the debtor purchases land, embraces the land so purchased, and secures all or part of its purchase price." *Dobias v. White*, 239 N.C. 409, 80 S.E. 2d 23 (1954). Because the entire transaction was more than simply a sale of land, as reflected by the various provisions of

FRIEDLMEIER v. ALTMAN

[93 N.C. App. 491 (1989)]

the settlement agreement, plaintiffs contend that it did not satisfy the "same transaction" test.

We believe, however, that the fact that the land sale transaction occurred as part of an agreement settling a dispute between the parties does not prevent its categorization as a purchase money transaction in this case. This is not a situation where the deed of trust covered land *other* than that purchased by the debtor buyer from the seller, *see Dobias, supra,* nor did the deed of trust secure money borrowed from a *third party* to pay the seller for the land, *see Childers v. Parker's Inc.,* 274 N.C. 256, 162 S.E. 2d 481 (1968). "[S]o long as the debt of the purchaser of property is secured by a deed of trust on the property or part of it given by the purchaser to secure payment of the purchase price the deed of trust is a purchase money deed of trust." *Burnette Industries v. Danbar of Winston-Salem,* 80 N.C. App. 318, 341 S.E. 2d 754, *disc. rev. denied,* 317 N.C. 701, 347 S.E. 2d 37 (1986). The existence of additional promises not directly arising out of the land sale transaction does not remove this deed of trust and promissory note from the definition of a purchase money instrument.

The trial court did not err, as plaintiffs contend, in concluding that the settlement agreement was ambiguous and in admitting extrinsic evidence to clarify its terms. We also reject plaintiffs' contention that the instruments are not purchase money instruments because the settlement agreement did not specifically state on its face that this was to be a purchase money transaction. Plaintiffs were carefully advised by their attorney, who testified that the parties anticipated that the note and deed of trust would contain purchase money instrument language.

The anti-deficiency judgment statute provides:

In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of pur-

chase money for real estate: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

N.C. Gen. Stat. § 45-21.38 (1984).

Both the note and deed of trust recited on their faces that they were for the balance of purchase money for real estate, as required by the statute. Plaintiffs' counsel, furthermore, testified that he explained to Mr. Friedlmeier that because it was a purchase money transaction, "the only money [he] could count on getting in this settlement was . . . [the] $225,000 that was to be paid at closing." We hold that the trial court correctly concluded that the deed of trust and promissory note were purchase money instruments, and that pursuant to N.C. Gen. Stat. § 45-21.38 (1984) plaintiffs were not entitled to a deficiency judgment.

The judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.