BOBBY A. SLATE v. DANIEL WALTER MARION; C. RICKY BOWMAN, TRUSTEE; AND RONALD C. SHROPSHIRE AND WIFE, GLENDA S. SHROPSHIRE

No. 9017SC1094

(Filed 17 September 1991)

**Mortgages and Deeds of Trust § 2 (NCI3d)— deed of trust—not purchase money deed of trust—priority of judgment lien**

The trial court correctly held in a declaratory judgment action that defendants' deed of trust was not a purchase money deed of trust and that plaintiff's judgment lien is entitled to priority over defendants' deed of trust. The deed of trust cannot be classified as a purchase money deed of trust because Daniel, who borrowed the money so that he could purchase land owned by his parents, never actually used the loan proceeds to purchase the property; rather, his parents allowed him to keep the money and use it in his own business and conveyed their interest in the land without consideration.

**Am Jur 2d, Mortgages §§ 13, 348-350.**

APPEAL by defendants from judgment entered 17 July 1990 in SURRY County Superior Court by *Judge W. Douglas Albright.* Heard in the Court of Appeals 17 April 1991.

*Folger and Folger, by H. Lee Merritt, Jr., for plaintiff-appellee.*

*Donnelly, Stevens & DiRusso, by Gus L. Donnelly, for defendant-appellants.*

WYNN, Judge.

This appeal arises out of a declaratory judgment action in which plaintiff, Bobby A. Slate, sought to determine the status of a deed of trust executed by defendant Daniel Walter Marion ("Daniel") conveying certain real property to defendant C. Ricky Bowman, as trustee, for the benefit of defendants Ronald C. Shropshire and his wife, Glenda (the "Shropshires"). The parties stipulated to the following pertinent facts.

In 1982, plaintiff obtained a money judgment against Daniel in the amount of $8,929.23. Following its entry, the judgment was

duly docketed in the office of the Clerk of Superior Court for Surry County, North Carolina.

In late December 1987, Daniel asked the Shropshires for a loan of $30,000 so that he could purchase a tract of land located in Surry County and owned by his parents, Howard and Mary Ellen Marion. The Shropshires agreed to lend Daniel the money and thereafter Howard and Mary Ellen Marion executed a deed conveying their interest in the subject property to Daniel. On 4 January 1988, Daniel executed a promissory note and a deed of trust to evidence the indebtedness. The promissory note itself contained the following language: "This note is given as a purchase money note, and is secured by a purchase money deed of trust." The deed of trust, however, contained no language indicating that it was a purchase money deed of trust; it merely contained a reference to the promissory note executed by Daniel in the amount of $30,000.

At 2:24 p.m. on 5 January 1988, the deed was recorded in the office of the Surry County Register of Deeds. At 2:26 p.m. on the same date, the deed of trust which Daniel delivered to the Shropshires was recorded.

On 6 January 1988, the proceeds of the loan that the Shropshires agreed to make were disbursed by a check which was made payable only to Daniel. Apparently, Daniel's father, Howard Marion, picked the check up from the Shropshires' business, but later gave it to Daniel telling him to "keep the money and use [it] in his own business." Daniel then deposited the check into his business account.

On 26 June 1989, plaintiff filed the instant action and requested the court to determine, by way of a declaratory judgment, which lien, his judgment lien or the lien created by the Shropshires' deed of trust, was a "first lien" on the subject property. Because Daniel failed to file an answer to the plaintiff's verified complaint, a default judgment was obtained against him. The remaining defendants timely filed verified answers to the plaintiff's complaint and thereafter the proceedings continued in Daniel's absence.

After considering the above-mentioned factual stipulations, the trial court made the following pertinent conclusions of law:

2. The conveyance of the real property from HOWARD D. MARION and wife, MARY ELLEN MARION, to defendant, DANIEL WALTER MARION, as shown in deed recorded in record book

453, page 1421, Surry County Registry, was without monetary consideration and was a gift.

3. Notwithstanding the wording contained in the promissory note, the deed of trust from defendant, DANIEL WALTER MARION, to C. RICKY BOWMAN as Trustee for defendants, RONALD C. SHROPSHIRE and wife, GLENDA S. SHROPSHIRE, recorded in record book 453, page 1423, Surry County Registry, is not a purchase money deed of trust.

4. The judgment of plaintiff, BOBBY A. SLATE, in case number 82-CVD-800 docketed in the office of the Clerk of Superior Court of Surry County, North Carolina, in judgment docket 30, page 343, is a lien against the real property described in deed recorded in record book 453, page 1421, Surry County Registry, and said judgment is superior to and has priority over the lien of the deed of trust recorded in record book 453, page 1423, Surry County Registry.

From the entry of judgment declaring the plaintiff's claim of lien to be a first lien on the subject property, the Shropshires appeal.

I

The sole issue presented by this appeal is whether the deed of trust executed by Daniel Marion in favor of C. Ricky Bowman, as Trustee, for the benefit of Ronald and Glenda Shropshire is a purchase money deed of trust. The answer to this question will determine which of the parties' liens is entitled to priority over the other.

Defendants contend that although the deed of trust does not expressly reflect its "purchase money" nature, it was nonetheless intended to be a purchase money deed of trust. As such, they argue that the deed of trust is entitled to priority over the plaintiff's previously-docketed judgment and, in so doing, implicitly rely upon the doctrine of "instantaneous seisin" to support their position. Plaintiff, on the other hand, contends that the deed of trust at issue does not constitute a "purchase money deed of trust" and that his judgment lien is superior to and entitled to priority over the lien created by the defendants' deed of trust.

Ordinarily, a docketed judgment creates a lien on after-acquired lands in the same county the moment title vests in the judgment debtor, and the lien thereby gains priority over any subsequently

recorded deed or mortgage covering the same property. 49 C.J.S. *Judgments* § 466(a) (1947); *see also Moore v. Jordan*, 117 N.C. 86, 23 S.E. 259 (1895); *Cowen v. Withrow*, 112 N.C. 736, 17 S.E. 575 (1893). The doctrine of instantaneous seisin, however, provides an exception to this general rule. Under the doctrine of instantaneous seisin,

> [w]hen a deed and a purchase money deed of trust are executed, delivered, and recorded as part of the same transaction, the deed of trust attaches at the instant the vendee acquires title and constitutes a lien superior to *all* others. *E.g.*, [*Smith Builders Supply, Inc. v. Rivenbark*, 231 N.C. 213, 56 S.E. 2d 431 (1949)]. . . . . The policy supporting the doctrine is that a vendor who parts with property and supplies the purchase price does so on the basis of having a first priority security interest in the property. The vendor who advances purchase money relies on the assurance that he or she will be able to foreclose on the land if the purchase price is not repaid. It is thus equitable and just that the vendor have a first priority security interest and be protected from the possibility of losing both the land and the money in the transaction.

*Carolina Builders Corp. v. Howard-Veasey Homes, Inc.*, 72 N.C. App. 224, 232, 324 S.E.2d 626, 631, *disc. review denied*, 313 N.C. 597, 330 S.E.2d 606 (1985) (citations omitted and emphasis added). It has been said that the doctrine is "equally applicable where a third party loans the purchase price and accepts a deed of trust to secure the amount so loaned." *Pegram-West, Inc. v. Hiatt Homes, Inc.*, 12 N.C. App. 519, 525, 184 S.E.2d 65, 68 (1971).

With respect to the applicability of the doctrine, the parties do not dispute the fact that the deed and the deed of trust were executed, delivered and recorded as part of the same transaction; rather, they dispute whether the deed of trust qualifies as a purchase money deed of trust.

"[A] deed of trust is a purchase money deed of trust only if it is made as part of the same transaction in which the debtor purchases land, embraces the land so purchased, and secures all or part of its purchase price." *Friedlmeier v. Altman*, 93 N.C. App. 491, 494, 378 S.E.2d 217, 219 (1989) (quoting *Dobias v. White*, 239 N.C. 409, 80 S.E.2d 23 (1954) ). Applying this rule of law to the stipulated facts, we are compelled to conclude that the defendants' deed of trust is not a purchase money deed of trust.

We agree with plaintiff's contention that since Daniel never actually used the loan proceeds to *purchase* the property, the deed of trust cannot be classified as a purchase money deed of trust. The definition of a purchase money deed of trust, as set forth in *Friedlmeier*, makes it clear that "a deed of trust is a purchase money deed of trust *only* if it is made as part of the same transaction *in which the debtor purchases land.*" *Id.* Here, Daniel never purchased the land; rather his parents allowed him to "keep the money and use [it] in his own business." Under such circumstances, we conclude that the trial court was correct in concluding that Howard and Mary Ellen Marion conveyed their interest in the land without consideration, and that such conveyance was a gift. Accordingly, we hold that the trial court was further correct in concluding that defendants' deed of trust is not a purchase money deed of trust and that, therefore, plaintiff's judgment lien is entitled to priority over defendants' deed of trust.

For the reasons discussed above, the decision of the trial court is

Affirmed.

Judges ARNOLD and JOHNSON concur.