[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13727
Non-Argument Calendar
_____

D. C. Docket No. 04-00544-CV-RWS-1
BKCY No. 03-98427 BKC-SW

IN RE: ARNOLD ELIOT TARAS,

Debtor.

_____

THE CADLE COMPANY,

Plaintiff-Appellant,

versus

ARNOLD ELIOT TARAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 29, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Pursuant to § 522(f)(1) of the Bankruptcy Code, Chapter 7 debtor Arnold Taras moved to avoid a judicial lien held by The Cadle Co. (Cadle). The bankruptcy court granted Taras' motion, and the district court affirmed. The primary issue on appeal is the proper application of the formula set out in 11 U.S.C. § 522(f)(2)(A) for determining when a judicial lien impairs an exemption to which the debtor was entitled. Because we conclude the bankruptcy court and the district court correctly applied 11 U.S.C. § 522, we affirm.

## I. BACKGROUND

Bobby D. Associates obtained a judgment against Taras and assigned its interest in the judicial lien to Cadle. The lien was secured by Taras' residence and was perfected on September 6, 2001. On August 5, 2003, Taras filed for Chapter 7 bankruptcy. At that time, the total amount due on the judgment was $18,911.54.

Taras and his wife jointly own their home, which is valued at $213,000.[1] The home is subject to a first priority mortgage of $85,193 owed by Taras and his wife. Taras' undivided one-half interest in the home is also subject to Cadle's

---

[1] Before the bankruptcy court, Taras contended the value of the home was $170,000, and Cadle asserted the residence was worth $213,000. The bankruptcy court construed this issue in favor of Cadle and applied the higher valuation of $213,000. The court noted that regardless of which figure is used, the result will be the same.

second priority judicial lien in the amount of $18,911.54. Moreover, there is a third priority Internal Revenue Service (IRS) tax lien of $389,168 owed by Taras and his wife.

Section 522(b) of the Bankruptcy Code permits a debtor to claim an exemption in property that is exempt under state or local law. 11 U.S.C. § 522(b)(2)(A). Under Georgia law, a debtor's interest in his residence is exempt up to the amount of either $10,000 or $20,000. Ga. Code Ann. § 44-13-100. The Georgia statute provides that if "title to property used for the exemption . . . is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $20,000.00." *Id.* Pursuant to this statute, Taras sought an exemption of $20,000 in the residence he owned jointly with his wife.[2]

In addition, § 522(f)(1) of the Bankruptcy Code allows a debtor to avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). On the same day Taras filed for bankruptcy, he also moved to avoid the judicial lien held by Cadle, asserting that the lien impaired his home exemption. The bankruptcy court granted Taras'

---

[2] Taras initially claimed an exemption of $507,000. The bankruptcy court, however, found this figure to be "a scrivener's error" because it exceeded the value of the residence and because Taras claimed the exemption under the Georgia statute which permits a maximum exemption of $20,000.

motion, avoiding Cadle's judicial lien in its entirety. The district court affirmed.

Cadle now appeals the district court's affirmance of the bankruptcy court's grant of

Taras' motion.

## II. STANDARD OF REVIEW

We review the bankruptcy court's findings of fact under the clearly

erroneous standard; however, "conclusions of law, whether from the bankruptcy

court or the district court, we review de novo." *In re Fretz*, 244 F.3d 1323, 1326

(11th Cir. 2001) (citation omitted).

## III. DISCUSSION

Section 522 of the Bankruptcy Code is designed to provide the debtor with a

"fresh start" by protecting the debtor's exemptions. *See Deel Rent-a-Car, Inc. v.*

*Levine*, 721 F.2d 750, 757 (11th Cir. 1983). This Court has explained:

> Section 522 of the Bankruptcy Code, 11 U.S.C. § 522,
> sets out a statutory scheme permitting a debtor in bankruptcy
> to exempt certain property from his or her bankruptcy estate.
> For property to qualify for an exemption, it must first be part
> of the bankruptcy estate. If the debtor has mortgaged his or
> her property, the debtor has retained only an equitable interest
> in the property. Absent a provision providing otherwise, only
> that equitable interest would be property of the estate and
> eligible for an exemption.
>
> Section 522(f), however, provides a special mechanism
> for the debtor to "avoid" certain liens on property, thereby
> bringing the whole property within the bankruptcy estate and
> potentially qualifying it for an exemption.

4

*In re Lehman*, 205 F.3d 1255, 1256 (11th Cir. 2000) (citation omitted). As stated above, § 522(f) provides that a debtor may avoid a judicial lien to the extent it impairs an exemption. 11 U.S.C. § 522(f). In 1994, Congress amended § 522(f) and added a formula for determining the extent to which a lien impairs an exemption:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

In this case, even though the tax lien is junior to Cadle's judicial lien, the bankruptcy court found that the tax lien should be included in the calculation under § 522(f)(2)(A). Thus, in calculating the amount of the impairment, the bankruptcy court included Taras' half of the tax lien, or $194,584. When the tax lien is included in the calculation, the sum of the liens and the exemption greatly exceeds Taras' interest in the property. As a result, the bankruptcy court granted Taras' motion, concluding Cadle's judicial lien can be avoided in its entirety.

On appeal, Cadle argues the bankruptcy court, and subsequently the district court, erred in finding the junior tax lien is included in the calculation under

§ 522(f)(2)(A). Cadle contends state priority rules must be considered in determining whether its judicial lien impairs Taras' home exemption. According to Cadle, junior unavoidable liens, like the tax lien in this case, should not be included in the computation of the impairment. Using this approach, the junior tax lien should have been removed from the impairment calculation, and no amount of Cadle's judicial lien would be avoided.

In *In re Kolich*, 328 F.3d 406 (8th Cir. 2003), the Eighth Circuit considered whether liens junior to the judicial lien in question should be included in the calculation under § 522(f)(2)(A).[3] The court pointed out that subsection 522(f)(2)(A)(ii) states the computation of the impairment shall include "all other liens on the property." The Eighth Circuit interpreted the term "all other liens on the property" to include junior liens. 328 F.3d at 410; *see also In re Smith*, 315 B.R. 636, 641 (Bankr. D. Mass. 2004) (holding § 522(f)(2) "does not distinguish between senior liens and junior liens, between those having greater and lesser priority under state law").

---

[3] The parties have not identified any other federal circuit court which has addressed this precise issue. This Court's decision in *In re Lehman*, 205 F.3d 1255 (11th Cir. 2000) did not address the issue now before us. As the Eighth Circuit pointed out, *Lehman* was concerned with "the formula's mathematical progression," and not with the impact of third priority or junior liens. *Kolich*, 328 F.3d at 409–10.

Cadle contests the Eighth Circuit's interpretation and argues subsection 522(f)(2)(B) implicitly requires courts to consider state priority rules when applying the statutory formula.[4] As an initial matter, we note subsection (B) of 522(f)(2) does not refer to the priority position of liens under state law. Rather, that subsection simply states when liens have already been avoided, they should not be considered in the impairment calculation. 11 U.S.C. § 522(f)(2)(B). In *Kolich*, the Eighth Circuit explained if Congress had intended to exclude junior liens from the calculation, it could have easily incorporated such language. 328 F.3d at 410 ("This problem may not be dismissed as a mere 'quirk in drafting,' because it would have been relatively easy to draft § 522(f)(2)(A)(ii) to exclude such junior consensual liens from the phrase 'all other liens on the property.'"); *see also Smith*, 315 B.R. at 641 ("[Section 522(f)(2)(B)] excluded only those [liens] that have already been avoided—that is, those which are no longer liens. It did not instruct the Court to exclude junior unavoidable liens, and this does not appear to have been for lack of attention to detail.").

The Eighth Circuit further explained that when Congress enacted the statutory formula in § 522(f), it specifically intended to disrupt lien priorities

---

[4] This subsection states: "In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens." 11 U.S.C. § 522(f)(2)(B).

7

created by state law.  328 F.3d at 410.  The court concluded the inclusion of junior

liens advanced the statutory purpose of § 522(f):

> To be sure, the Bankruptcy Code usually looks to state law to
> define the property rights and priorities of creditors, including
> secured creditors.  But § 522(f) is an exception to that policy.
> It was enacted to permit the avoidance of judicial liens that
> can interfere with the debtor's post-petition fresh start.  This
> selective avoidance gives an advantage under federal law to
> secured creditors holding consensual liens, typically,
> residential mortgage lenders.  But Congress intended to treat
> consensual lienholders more favorably, because their
> contractual relationships with the bankruptcy debtor typically
> allow the debtor to acquire equity in the exempt property by
> making post-petition mortgage payments.  The 1994
> amendment creating the statutory formula here at issue was
> expressly aimed at overruling prior judicial decisions
> compromising that intent.

*Id.* (citations omitted).

We agree with the Eighth Circuit and apply its reasoning here.  We conclude

the bankruptcy court correctly included Taras' half of the junior tax lien, $194,584,

when it computed the extent to which Taras' home exemption was impaired under

the statutory formula in § 522(f)(2)(A).  Because the tax lien is included in the

calculation, the sum of the liens and the amount of the exemption substantially

exceeds Taras' interest in the property.  Therefore, we agree with the bankruptcy

court's conclusion that Cadle's judicial lien of $18,911.54 impairs Taras' home

exemption and can be avoided in its entirety.

8

## IV. CONCLUSION

Because the bankruptcy court and the district court correctly interpreted and applied the statutory formula in § 522(f)(2)(A), we discern no reversible error. Accordingly, we affirm the district court.

AFFIRMED.