In re Donald W. TRAHAN and Tricia E. Trahan, Debtors.

Donald W. Trahan and Tricia E. Trahan, Movants,

v.

Day Kimball Hospital, Capital One, Ford Motor Credit Co., Erin Capital Management LLC, and John J. O'Neil, Trustee, Respondents.

No. 05–23808.

United States Bankruptcy Court, D. Connecticut.

Jan. 30, 2006.

Robert B. Young, Esq. Law Office of Robert B. Young, Dayville, CT, for Debtors–Movants.

## RULING ON DEBTORS' MOTION TO AVOID JUDICIAL LIENS

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Donald W. Trahan ("Donald") and Tricia E. Trahan ("Tricia") (together "the debt-

---

ors"), debtors in a joint Chapter 7 bankruptcy case commenced on October 9, 2005, filed a motion ("the motion") pursuant to Bankruptcy Code § 522(f)(2) to avoid, as impairing their homestead exemptions, the judicial liens recorded against their residence by Day Kimball Hospital, Capital One, Ford Motor Credit Co., Erin Capital Management LLC (together "the respondents"). The respondents have filed no objections to the motion and only the debtors appeared at the hearing held on December 28, 2005.

## II.

## *BACKGROUND*

The debtors' bankruptcy schedules and their affidavit, filed with the motion, indicate that, as of the petition date, the value of the debtors' jointly-owned residence located at 676 Norwich Road, Plainfield, Connecticut ("the property") was $100,000.00, and that it was subject to the following encumbrances, presumed filed against the interests of both debtors except where otherwise indicated:

— a mortgage presently held by State Street Bank & Trust Company with an outstanding balance of $71,459.00, which was originally recorded on April 30, 1993 by mortgagee Constitution Mortgage Bankers, Inc., and subsequently assigned;

— a judgment lien in favor of Day Kimball Hospital in the amount of $2003.08, recorded on May 20, 1997;

— a UCC–1, recorded on June 4, 1999, in favor of the Town of Plainfield securing fixtures and equipment and valued at $0;

— a judgment lien in favor of Capital One in the amount of $1,660.96, recorded on July 9, 2002 to secure a judgment against Tricia;

— a judgment lien in favor of Capital One in the amount of $5,758.03, recorded on October 7, 2003 to secure a judgment against Donald;

— a judgment lien in favor of Ford Motor Credit Company in the amount of $5,931.31, recorded on April 19, 2004;

— a statutory lien in favor of the Internal Revenue Service in the amount of $1,626.27, recorded on December 14, 2004;

— a judgment lien in favor of Erin Capital Management LLC in the amount of $10,415.25, recorded on December 18, 2004; and

— a statutory lien in favor of the Internal Revenue Service in the amount of $7,528.26, recorded on June 1, 2005.

The debtors, in Schedule C of their bankruptcy petition, claimed a combined[1] homestead exemption of $19,386.77, pursuant to § 522(d)(1).

## III.

## *DISCUSSION*

Section 522(f) permits a debtor to avoid the fixing of a judicial lien on his interest in property to the extent such lien impairs his exemption. In 1994, Congress amended this section to provide a formula for determining the extent of impairment. Section 522(f)(2) states, in relevant part:

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

---

1. See *In re Stuart* 31 B.R. 18, 19 (Bankr. D.Conn.1983) (When spouses file a joint petition, separate estates will exist and each debt- or should separately set forth assets, liabilities and claimed exemptions).

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

Because the motion is uncontested, the sole question before the court is whether § 522(f) permits the debtors to avoid, as impairing their homestead exemption, judgment liens having state-law priority superior to unavoidable consensual or statutory liens, i.e., "whether Congress intended that this statutory formula disrupt lien priorities created by state law." *In re Kolich,* 328 F.3d 406, 410 (8th Cir.2003). "The few bankruptcy courts to consider the issue have reached inconsistent decisions." *Id.* Seven years ago, this court had occasion to consider this question and, finding that the legislative history of the 1994 amendment lacked a clear indication of Congressional intent to permit avoidance of the property interest of a senior judicial lien holder for the benefit of holders of subordinate consensual and statutory liens, concluded that literal application of the formula would produce unintended consequences. *In re Dolan,* 230 B.R. 642, 647 (Bankr.D.Conn.1999).

At the time of this court's *Dolan* decision, no Circuit Court of Appeals had yet reached the "sandwiched lien"[2] issue. In 2003, the Eighth Circuit, in *Kolich,* 328

F.3d 406, became the first such court to do so, followed in 2004 by the Sixth Circuit, in *In re Brinley,* 403 F.3d 415 (6th Cir.2005) and in 2005 by the Eleventh Circuit in *In re Taras,* 131 Fed.Appx. 167 (11th Cir. 2005). *See also In re Charnock,* 318 B.R. 720 (9th Cir. BAP 2004). These courts unanimously concluded that the concept of judicial lien avoidance embodied in § 522(f) evidences, by its very nature, Congress' intent to supersede the state-law priority scheme for a bankruptcy purpose.

Having carefully considered these conflicting precedents, we find no sufficient basis for concluding that the statutory formula produces, in this situation, a result "demonstrably at odds with the intentions of its drafters," To be sure, the Bankruptcy Code usually looks to state law to define the property rights and priorities of creditors, including secured creditors. But § 522(f) is an exception to that policy. It was enacted to permit the avoidance of judicial liens that can interfere with the debtor's post-petition fresh start. This selective avoidance gives an advantage under federal law to secured creditors holding consensual liens, typically, residential mortgage lenders. But Congress intended to treat consensual lienholders more favorably. . . .

. . . With the competing equities both hard to weigh and finely balanced, our task is simply to apply § 522(f)(2)(A) as Congress wrote it.

*Kolich,* 328 F.3d at 410; *see also Brinley,* 403 F.3d at 421–22; *Taras,* 131 Fed.Appx. at 170; *Charnock,* 318 B.R. at 727 (all quoting *Kolich*).

---

**2.** Referring to a judicial lien "sandwiched" between unavoidable (consensual or statutory) liens senior and junior to itself under applicable state law. In the present matter, the liens of the Internal Revenue Service

(which by definition are statutory liens that cannot be avoided) are included in "all other liens on the property" to establish the extent to which a judicial lien impairs a debtor's exemption and is, thus, avoidable.

In light of the foregoing analysis and the subsequent failure of Congress to further modify § 522(f)[3], the court is persuaded that the literal application of the § 522(f)(2) formula to the "sandwiched lien" situation is appropriate, even though it confers a benefit not only on the debtors, but also on the Internal Revenue Service (as the holder of junior statutory liens) at the expense of the judicial lienholders. Accordingly, the court concludes that the judicial liens of the respondents may be, and hereby are, avoided in their entirety.[4]

## IV.

### CONCLUSION

The aforementioned judicial liens of Day Kimball Hospital, Capital One, Ford Motor Credit Co., Erin Capital Management LLC on the debtors' residence are avoided in their entirety as impairing each debtor's homestead exemption.[5]   It is

SO ORDERED.

---

**3.**   *See, e.g. Lorillard v. Pons,* 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978) ("[W]here, as here, Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute.")

**4.**   Although the court has elected not to include the calculation itself in this opinion, application of the § 522(f)(2) formula as discussed results in the avoidance of all judicial liens filed against each debtor's interest in the property.

**5.**   The court granted each debtor a discharge on January 27, 2006.