In re Tamika Renee GILMER, Debtor.

No. 09–80024C–7D.

United States Bankruptcy Court,
M.D. North Carolina,
Durham Division.

April 3, 2009.

John T. Orcutt, Raleigh, NC, for Debtor.

---

*ORDER*

WILLIAM L. STOCKS, Bankruptcy Judge.

This case came before the court on March 30, 2009, for hearing on Debtor's motion to avoid the judicial lien of Kathy A. Whitted pursuant to section 522(f) of the Bankruptcy Code. Edward C. Boltz appeared on behalf of the Debtor and R. David Wicker, Jr. appeared on behalf of Kathy A. Whitted (the "Claimant"). For the reasons that follow, the court has concluded that the Claimant's objection to the motion should be overruled and that the motion to avoid the judicial lien should be granted.

## FACTS

The facts in this case are not in dispute. On January 28, 2002, the Claimant obtained a judgment against the Debtor in the amount of $2,000.00, and the judgment was docketed in Durham County on the same date. On February 28, 2005, the Debtor purchased real property located at 436 St. John Drive, Durham, North Carolina (the "Property"). On March 2, 2005, two deeds of trust from the Debtor which described the Property were recorded in the Office of the Register of Deeds of Durham County. These deeds of trust secured indebtedness owed to First Franklin Mortgage pursuant to two promissory notes from the Debtor to First Franklin. This chapter 7 case was commenced by the Debtor on January 8, 2009.

When this case was commenced, the Claimant's judgment and the two First Franklin deeds of trust remained of record. A balance of $84,228.70 was owed on the first deed of trust and the sum of $20,206.77 was owed on the second deed of trust. No amount had been paid on the Claimant's judgment and the entire amount of the judgment remained unpaid. The value of the Property on the petition date was $108,548 and the Property was the Debtor's residence on the petition date. In the schedules, the Debtor claimed her homestead exemption of $18,500 in the Property pursuant to N.C. Gen.Stat. § 1C–1601(a)(1).

## DISCUSSION

■ The parties acknowledge that when the Property was acquired by the Debtor, a judicial lien attached to the Property as a result of the outstanding and unpaid judgment in favor of the Claimant.[1] The parties also agree that if the judgment had been docketed subsequent to the recordation of the deeds of trust, the judicial lien would be avoidable pursuant to section 522(f) as impairing the Debtor's exemption. The Claimant contends, however, that because the judgment was recorded prior to the deeds of trust, the Debtor may not avoid it.

■ The issue presented is whether the earlier recordation of the Claimant's judgment precludes avoidance of her judicial lien pursuant to section 522(f). It is not clear whether the earlier recordation of the judgment means that the Claimant's judicial lien is senior to the deeds of trust.[2] However, even if such is the case, section

1. N.C. Gen.Stat. § 1–234, in pertinent part, provides: "The judgment is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for 10 years from the date of the entry of the judgment under G.S. 1A–1, Rule 58, in the county where the judgment was originally entered."

2. North Carolina recognizes the doctrine of instantaneous seisin "which provides that when a deed and a purchase money deed of trust are executed, delivered, and recorded as part of the same transaction, the title conveyed by the deed of trust attaches at the instant the vendee acquires title and consti-

tutes a lien superior to all others." *Dalton Moran Shook Inc. v. Pitt Dev. Co.*, 113 N.C.App. 707, 440 S.E.2d 585, 589 (1994). Pursuant to this doctrine, a previously existing lien would be subordinated to the lien of the purchase money deed of trust. *Id.* The doctrine is equally applicable where a third party loans the purchase price and accepts a deed of trust to secure the amount so loaned. *Slate v. Marion*, 104 N.C.App. 132, 408 S.E.2d 189, 191 (1991); *Pegram–West, Inc. v. Hiatt Homes, Inc.*, 12 N.C.App. 519, 184 S.E.2d 65, 68 (1971). It is unclear in the present case whether the First Franklin deeds of trust were part of the same transaction in which the Debtor acquired the Property or whether the debtor borrowed the purchase money for the Property from First Franklin and hence it is unclear as to which of the liens have priority.

522(f) nonetheless permits the Debtor to avoid the judicial lien because the applicability of section 522(f) does not depend upon whether the consensual liens on the residential real property have priority over the judicial lien sought to be avoided.

■ The outcome of the dispute before the court depends upon the interpretation and application of section 522(f). When interpreting a statute, a court starts with its plain language. *U.S. Dept. of Labor v. North Carolina Growers Ass'n*, 377 F.3d 345, 350 (4th Cir.2004). When the language is plain, a court's sole function, at least where the disposition required by text is not absurd, is to enforce the statute according to its terms. *Id.* Here, it is clear that the plain language of section 522(f) permits avoidance of a judicial lien that is senior to a consensual lien. *See In re Kolich*, 328 F.3d 406, 409 (8th Cir.2003); *In re Charnock*, 318 B.R. 720, 724 (9th Cir. BAP 2004). Section 522(f)(1)(A) allows a debtor to avoid a judicial lien on property to the extent such lien impairs the debtor's exemption. *In re Trahan*, 337 B.R. 448, 449 (Bankr.D.Conn.2006). Section 522(f)(2), which was added as part of the Bankruptcy Reform Act of 1994, allows a judicial lien to be avoided if the judicial lien plus "all other liens" plus a debtor's exemption exceed the value of the debtor's interest in the property absent any liens.[3]

The question, then, is whether junior consensual liens are correctly included as "all other liens" pursuant to section 522(f)(2)(A)(ii). Nothing in the language of section 522(f) excludes junior consensual liens from "all other liens." *See Charnock*, 318 B.R. at 725 ("Congress easily could

have added the word 'Senior' to Section 522(f)(2) had it wanted to, so that the statute would have counted only 'all the other *senior* liens on the property' in calculating whether the judicial; lien at issue impaired an exemption.... Congress did not do this."). In fact, nothing in section 522(f)(2) refers to the priority position of liens under state law at all. *In re Taras*, 131 Fed.Appx. 167, 169 (11th Cir.2005). While the Bankruptcy Code usually looks to state law to define property rights and priorities of creditors, section 522(f) is an exception. *Kolich*, 328 F.3d at 410.

Therefore, the Court concludes that junior consensual liens are correctly included in "all other liens," and that the deeds of trust in favor of First Franklin should be included in the calculation used to determine whether the Debtor's exemption is impaired by the Claimant's judicial lien. Other courts, including all three circuit courts of appeals to have considered the issue as well as a bankruptcy appellate panel, have reached the same conclusion. *See Taras*, 131 Fed.Appx. 167 (holding that a junior tax lien was properly included in calculating the extent to which debtors' home exemption was impaired by a senior judicial lien for lien avoidance purposes); *In re Brinley*, 403 F.3d 415 (6th Cir.2005) (in applying the statutory formula to determine the extent of impairment, the bankruptcy court must add the value of all liens against the property, not only the value of liens that were senior to the judgment lien sought to be avoided); *Kolich*, 328 F.3d 406 (term "all other liens" is properly construed literally to include junior mortgage lien); *Charnock*, 318 B.R.

---

**3.** 11 U.S.C. § 522(f)(2)(A) provides: "(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

  (i) the lien;

  (ii) all other liens on the property; and

  (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens."

720 (section 522(f) permits avoidance of judicial liens that are senior to other unavoidable consensual liens against property); *Trahan,* 337 B.R. 448 (section 522(f) permits debtors to avoid judicial liens with a priority superior to unavoidable consensual or statutory liens).

The result is that the total aggregate of all liens and the value of the Debtor's exemption is $124,935.47, which exceeds the value of the Debtor's interest in the Property by $16,387.47. Because that sum is greater than the $2,000.00 judicial lien sought to be avoided, the judicial lien impairs an exemption and may be completely avoided pursuant to 11 U.S.C. § 522(f)(1).

IT IS SO ORDERED.